(63 South. 172.)

No. 19,977.

STATE v. AILES.

(June 30, 1913.)

*(Syllabus by the Court.)*

1. JURY (§ 53*)—SELECTION OF JURORS.

Act No. 58 of 1904 requires jury commissioners, or a majority of them, to select "from the persons qualified under this act to serve as jurors for their respective parishes, the names of three hundred competent, good and true men," and men already selected, because of the possession of the necessary qualifications, but who have not been called on to render service, do not become disqualified or exempt merely because of such selection.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 259, 341; Dec. Dig. § 53.*]

2. CRIMINAL LAW (§ 1171*)—APPEAL—REMARKS OF DISTRICT ATTORNEY.

"To justify the Supreme Court in setting aside a verdict approved by the judge, on the ground of improper remarks made by the district attorney, it would have to be very thoroughly convinced that the jury was influenced by such remarks, and that they contributed to the verdict found." Marr's Crim. Jur. § 453, p. 765 and notes. See, also, State v. Brown, 126 La. 12, 52 South. 176; State v. Montgomery, 121 La. 1005, 46 South. 997; State v. Mitchell, 119 La. 374, 44 South. 132.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3126, 3127; Dec. Dig. § 1171.*]

3. CRIMINAL LAW (§ 814*)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

"The judge cannot be required to charge in respect to a matter of which there was no evidence whatever, or upon a point which does not arise in the case—that is to say, he cannot be required to charge an abstract proposition of law, whether such abstract proposition be correct or incorrect; it must appear that there was something in the testimony or in the facts of the case with which the requested charge had a legal connection, or to which it could be made legally applicable." Marr's Criminal Jurisprudence, §

458, p. 778 and note (a), citing numerous authorities.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

4. CRIMINAL LAW (§ 1165*)—INSTRUCTIONS.

Refusal to give a requested special charge affords no ground for complaint, when such refusal is favorable to the accused. State v. Cook, 117 La. 114, 41 South. 434.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3085, 3086, 3088, 3089; Dec. Dig. § 1165.*]

Appeal from Fourth Judicial District Court, Parish of Union; John B. Holstead, Judge.

George Ailes was convicted of manslaughter, and he appeals. Affirmed.

Harvey G. Fields, of Farmersville, for appellant. R. G. Pleasant, Atty. Gen., and H. B. Warren, Dist. Atty., of Ruston (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendant was charged with, and found guilty of, manslaughter, and sentenced to the penitentiary for 10 years.

[1] The record contains nine bills of exceptions. The first two bills are taken to the refusal of the court to quash the bill of indictment, and to quash the venire of petit jurors. These two bills, and the motions upon which they are founded, present so nearly the same question that they will be disposed of together. They set forth that the grand jury which found the bill, and the petit jury which was to try the cause, were without any authority to act, were disqualified, and were not selected according to act No. 135 of 1898, in that the jury commissioners (being newly appointed commissioners) did not prepare a general venire, or select 300 persons to constitute such general venire, from which to select the grand jury and to draw a petit jury (notwithstanding the district judge ordered them to assemble,

organize, and select a general venire), but that, instead, they added names to a purported list used during the previous administration of a former jury commission, and from said revised list took the grand and petit juries.

The Legislature, in act No. 135 of 1898, sets forth the manner in which the grand and petit jurors shall be selected and drawn.

The matter here complained of is disposed of adversely to defendant's position in the judgment this day handed down in the case of State of Louisiana v. Jake Turner and Joe Turner (No. 19,964) 63 South. 169, ante, p. 555, on the docket of this court.

Bill No. 3. This bill is taken to the ruling of the court which permitted the district attorney, while cross-examining a defense witness, to interrupt the examination for the purpose of asking the clerk if a certain document about which he wished to further cross-examine said witness was the only report or return filed in his office by the coroner in connection with the case, to which the clerk answered, "Yes."

The per curiam of the trial judge fully disposes of the objection. It is as follows:

"The reason for the ruling was because the court had no knowledge of the character or contents of document 'A,' and the testimony of the clerk was heard solely on the question as to whether that document was the only report or return filed in his office by the coroner in reference to the death in question, and the answer of the clerk was simply in the affirmative and no further. There was no request to withdraw the jury, and no possible injury could result to the accused. The jury was instructed at the time and before the clerk testified that they were to pay no attention to the clerk's testimony, as it was a matter entirely before the judge for him to determine—a question of admissibility of evidence to be offered before them."

Bill No. 4. In this bill defendant excepts to the ruling of the court in temporarily excluding testimony of certain matters which defendant urges was a part of the res gestæ, but which the trial judge says happened the next morning after the cutting charg-

ed against defendant. The statement of the judge will be accepted, and his ruling sustained.

As the state, in rebuttal, offered testimony tending to impeach this witness, the judge permitted said witness to be put on the stand and to answer the previously ruled out question.

There is no ground for complaint.

Bill No. 5 was taken to the ruling sustaining an objection by the district attorney to the further testimony of the witness referred to in bill numbered 4, who had been placed on the stand in surrebuttal by the defendant as to the sobriety or intoxication of another witness for the defendant at the time of the cutting.

The judge says in his per curiam that the state had not cross-examined the witness as to the sobriety of the former witness. The ruling was correct.

[2] Bill No. 7 is taken to an expression of the district attorney in his argument to the jury where he referred to the witnesses for the defendant, among whom was defendant, as "wild-eyed darkies." The objection is frivolous.

The per curiam of the judge fully disposes of the matter as follows:

"The main witnesses on both sides were colored people. The above statement is incorrect in including the defendant in the criticism, as the remark was made specially as to the defendant's witnesses, whose manner and use of their eyes, with the exception of two or three, called for the criticism, which was calmly and pleasantly uttered, and, as I took it, for the purpose of calling attention to their manner more than to their personal looks. I could conceive of no prejudice to the accused. I regarded then, and do now, that the argument of the district attorney throughout was very respectful and fair."

"To justify the Supreme Court in setting aside a verdict approved by the judge, on the ground of improper remarks made by the district attorney, it would have to be very thoroughly convinced that the jury was influenced by such remarks, and that they contributed to the verdict found." Marr's Crim. Jurisprudence, § 453, p. 765 and notes. See, also, State v. Brown, 126 La. 12, 52 South. 176; State v. Montgomery, 121 La. 1005, 46 South. 997.

"It is only in extreme cases that verdicts will be set aside on account of improper remarks made by the prosecuting officer." State v. Mitchell, 119 La. 374, 44 South. 132.

Bill No. 6 is taken to the refusal of the judge to charge as follows:

"A man is not required to do everything in his power to avoid the necessity of slaying his assailant, thus when retreat is impossible or perilous, or where retreat is prevented by some impediment, and his retreat is governed by the location of the attack."

The first clause in the above specially requested charge was refused, and the last clause was given, changing the first word thereof "thus" to "that."

The general charge is in writing, and it is full on the matter of self-defense. The judge gave the latter part of the charge. He says:

"Because in grave criminal cases it is generally prejudicial to the interest of the state to sustain objections to evidence on the part of the state, or to refuse special charges asked by defendant."

[3] The bill does not show that the requested charge had any application to the facts proven on the trial. As shown in the statement of the district judge, it had no application to the facts or to the contention of the state. If the trial judge erred at all, the error consisted in not refusing to give any part of the charge. The duty of retreat is one incumbent upon the defendant, to be urged by the prosecution in a proper case. In the present case it was not urged by the state—no charge was asked by the state or given by the court in its general charge, to the effect that defendant was under any duty to retreat before striking his assailant. As to the case on trial, the requested charge was an abstract proposition of law.

"The judge cannot be required to charge in respect to a matter of which there was no evidence whatever, or upon a point which does not arise in the case—that is to say, he cannot be required to charge an abstract proposition of law, whether such abstract proposition be correct or incorrect; it must appear that there was something in the testimony or in the facts of the case with which the requested charge had a legal connection, or to which it could be made legally applicable." Marr's Crim. Jurisprudence, § 458, p. 778 and note (a), citing numerous authorities.

[4] Refusal to give a requested special charge affords no ground for complaint, when such refusal is favorable to the accused. State v. Cook, 117 La. 114, 41 South. 434.

Bills numbered 8 and 9 are to the refusal of a new trial and the dismissal of a motion in arrest of judgment, embracing the matters already disposed of.

Judgment affirmed.