HAWTHORNE, Justice.
Defendant Dale E. Birdsell was charged with violating a provision of the Louisiana Uniform Narcotic Drug Act. The bill of information avers that he “ * * * feloniously violated Title 40, Section 962, Subsection B of the Louisiana Revised Statutes in that he had or possessed a hypodermic syringe and needle, contrary to the form of the Statute of the State of Louisiana * * * ”. From his conviction and sentence to a term of imprisonment at hard labor he has appealed.
For reversal of his conviction appellant cites four alleged errors committed in the court below, all of which are set forth in bills of exception timely reserved and perfected.
His first complaint is that the judge erred in overruling his motion to quash the bill of information. Appellant contends that the information is insufficient to charge a crime under the laws of this state because it does not state every fact and circumstance necessary to constitute the offense charged — that is, it does not allege that the ■felonious possession of the hypodermic needle was not authorized by the prescription or certificate of a physician issued within the period of one year prior thereto. The statute under which appellant was charged makes the possession of a hypodermic syringe or needle unlawful “unless such possession be authorized by the prescription or the certificate of a physician issued within the period of one year prior thereto”.
Article 228 of the Code of Criminal Procedure- provides that it is no objection to an indictment that it does not aver that the accused was not embraced within the terms of a proviso of the statute creating the offense, for what comes by way of a proviso or exception must be urged by way of defense. Furthermore, the Louisiana Uniform Narcotic Drug Act provides in R.S. 40:979 that “In any complaint, information, or indictment, and any action or proceeding brought for the enforcement .'of any provision of this Sub-part, it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this Sub-part, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant”.
Appellant does not take issue with this principle of law. He contends, however, that the portion of R.S. 40:962 providing “unless such possession be authorized by the prescription or the certificate of a physician issued within the period of one year prior thereto” is not an exception, excuse, proviso, or exemption, but sets out a fact and circumstance necessary to be charged in the information.
*403 We (Jo not so read or interpret the statute, and accordingly we do not think there is any merit to this complaint.
Appellant next complains that the lower court erred in overruling his motion for a mistrial, filed under the following circumstances : A former deputy sheriff, while testifying for the prosecution, stated that he and other police officers went to appellant’s office to arrest him on a charge of extortion. Counsel for the accused objected to this statement on the ground that it tended to impeach the character of the accused, which was not at issue, and moved for a mistrial.
The trial judge in his per curiam informs us that while this witness was being cross-examined, counsel for the accused raised the question that he had failed to reveal everything that had taken place at the time of the arrest, and suggested that the witness had not told the whole truth about what had happened at that time. On redirect examination the witness volunteered the statement complained of, and did not make it in direct response to a question of the district attorney. Upon objection the court instructed the jury to disregard the remark of the witness and further informed the jury that any statement of a witness in reference to any other charge had no bearing on the charge for which defendant was being tried and was to be disregarded by the jury in the proof of the charge presently before the court.
The law is well settled that the trial for a criminal offense cannot be defeated or nullified because a witness volunteers an objectionable remark, particularly where the trial judge instructs the jury to disregard the remark. State v. Rugero, 117 La. 1040, 42 So. 495; State v. Jones, 118 La. 369, 42 So. 967; State v. Goodwin, 189 La. 443, 179 So. 591; State v. Martin 193 La. 1036, 192 So. 694; State v. Labat, 226 La. 201, 75 So.2d 333.
In order to understand the next alleged error urged, it is necessary to know that a previous conviction of appellant on this same charge was reversed and set aside on appeal and a new trial granted. See 232 La. 725, 95 So.2d 290. This next complaint is that the trial judge erred in overruling appellant’s motion for a mistrial following a statement made by an assistant district attorney to the jury in his closing argument. The statement of the assistant district attorney was that the accused offered a prescription for a hypodermic syringe and needle, and certain testimony concerning the prescription, for the first time at the trial in the instant case.[1]
The record in the instant case shows that counsel for appellant in argument to *405 the jury directed the jury’s attention to the prior trial of appellant. However, the complaint here is that the remark of the assistant district attorney was a remark dehors the record and was a comment on the lack of such evidence in a previous trial, and that the remark raised a strong implication that the evidence had been manufactured between trials.
From the record in the instant case we cannot say that the remark of the assistant district attorney was an implication that the evidence had been manufactured between trials. The trial judge in his per curiam informs us that he did not consider the remark improper or prejudicial, and that he had previously instructed the jury that the argument of counsel formed no part of the evidence in the case.
Under Article 381 of the Code of Criminal Procedure counsel may argue to the jury both the law and the evidence of the case, but must confine themselves to matters as to which evidence has been received or of which judicial cognizance is taken, and to the law applicable to the evidence. Under the jurisprudence of this court, however, before a verdict approved by the judge is set aside on the ground of improper argument by the district attorney, the court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Ailes, 133 La. 563, 63 So. 172; State v. Shoemake, 143 La. 65, 78 So. 240; State v. Davis, 178 La. 203, 151 So. 78; State v. Jackson, 227 La. 642, 80 So.2d 105.
In view of the fact that the trial judge had previously instructed the jury that argument of counsel formed no part of the evidence in the case, we cannot say that •the jury failed to do its duty and did not accept and follow these instructions. Moreover, we are not convinced that the jury was influenced by the remark and that it contributed to the verdict.
Appellant finally complains of the overruling of his motion in arrest of judgment. In this motion he alleges that certain provisions of the Uniform Narcotic Drug Act — R.S. 40:962, 961(17), and 979-are unconstitutional and violate his constitutional rights guaranteed by the Constitution of the United States in Sections 1 and 2 of Article 4 and in Section 1 of the Fourteenth Amendment.
As we have previously said, R.S. 40:962 (B) makes it unlawful for any person, except persons of certain specified classes, to have or possess a hypodermic syringe and needle unless possession is authorized by prescription or certificate of a physician issued within the period of one year prior thereto. R.S. 40:961(17) provides that the term “physician” as used in the statute means a person authorized by law to practice medicine in this state and any other person authorized to treat sick or injured persons in the state and to use narcotic *407 drugs in. connection with such treatment. R.S. 40:979 provides that it shall not be necessary to negative any exception, excuse, proviso, or exemption in an indictment or information, and places the burden of ,proof of such exception, etc., upon the defendant.
. There, is no merit in any of the ground urged for the unconstitutionality of these sections of the statute, and it would serve no useful purpose even to discuss them in this opinion. For example, appellant contends that these sections of the statute violate Section 1. of Article 4 of the United States Constitution because, he argues, he iegally. possessed the hypodermic syringe in Mississippi under both federal and state law, and, to .deny him the right to possess the equipment in Louisiana on the basis of a Mississippi prescription was a failure to give full faith and credit to a public act of another state — namely, the valid and legal issuance of a prescription by a doctor of that.state. He also argues that the sections of the statute violate Section 2 of Article 4, which provides that the citizens of each state shall be entitled to all privileges. and immunities of the citizens of the several states, by denying a citizen of another state the right to come to Louisiana with hypodermic equipment without subjecting himself to'criminal prosecution; that consequently his' right to pass freely from Mississippi to Louisiana was abridged, in contravention of this section of the Constitution which guarantees and protects his right to pass freely from one state to another.
For the reasons assigned the conviction and sentence are affirmed.
SIMON, J., absent.

. The prescription was given by a Mississippi physician not authorized to practice medicine in Louisiana. It was for 10 cc. of aqueous procaine penicillin and called for the injection into the arm muscle, every four hours if needed, of one cc. of the solution.