280 So.2d 897 (1973)
CITY OF CROWLEY FIREMEN, Plaintiff and Respondent,
v.
CITY OF CROWLEY, Defendant and Relator.
No. 52680.
Supreme Court of Louisiana.
June 11, 1973.
Rehearing Denied August 20, 1973.
*898 V. Farley Sonnier, Davidson, Meaux, Onebane & Donohoe, Lafayette, for plaintiffs-respondents.
Peters & Ward, Hugh T. Ward, Shreveport, for amicus curiae.
Jos. S. Gueno, Jr., for defendant-applicant.
CALOGERO, Justice.
On August 12, 1969, the Mayor and Board of Aldermen for the City of Crowley enacted an ordinance establishing regulations for the police and fire department personnel employed by that city. The ordinance, as re-enacted, provides that
"No member of the Police and Fire Departments of said city shall engage in any outside employment, commonly known as `moonlighting' ..."
Several employees of the fire department of the City of Crowley filed a suit to enjoin enforcement of the ordinance.
The trial court held that the city ordinance was a valid exercise of municipal authority and dismissed plaintiffs' petition for an injunction.[1]
Plaintiffs appealed. The Third Circuit Court of Appeal reversed the trial court's judgment and granted the injunction, holding that the ordinance is "patently unreasonable", being an "arbitrary, capricious and absolute prohibition against any outside job." The defendant's application for a writ of certiorari was granted by this Court.[2]
The defendant, City of Crowley, urges essentially three contentions for upholding the validity of the ordinance: (1) The *899 City was justified in prohibiting outside employment by their fire department personnel because 29 U.S.C.A. § 207 provides that the basic work week of firemen shall be forty hours, and La.R.S. 33:1994 provides that the maximum work week for firemen shall be sixty hours; (2) The City was justified in prohibiting outside employment by their fire department personnel because under La.R.S. 33:1995, the City would possibly be subjected to liability for sick pay resulting from an incapacity or illness sustained while the employee was engaged in the performance of outside work; and (3) the ordinance is entitled to a presumption of validity and is a reasonable exercise of the City's legislative authority.
The firemen's contentions are two-fold. First, they contend that the ordinance was enacted in bad faith by the City Council. They allege that the Council's action was precipitated by a lawsuit which had been brought by the firemen against the City of Crowley.
There is factual support for this contention in the record. The Louisiana Legislature by Acts 1968, Ex.Sess., No. 55 (effective January 1, 1969), La.R.S. 33:1992, had increased the minimum salary for all firemen from three hundred dollars ($300.00) per month to four hundred dollars ($400.00) per month.[3] During the first six months of 1969, the City of Crowley failed (or was unable) to pay this salary increase despite repeated demands upon them. The firemen instituted a lawsuit to secure the salary increase and collect past due sums. The City Council was angered and "disappointed" with the firemen's attitude as a result of the lawsuit, and in August of 1969 the Council enacted the ordinance at issue. Based on these facts the firemen allege that the Council acted in bad faith and that the ordinance has no legitimate justification.
The second contention made by the firemen is that the ordinance is arbitrary and unreasonable as an absolute prohibition against outside employment, making no provision for exceptions.
At the outset we find that the first two arguments made by the City of Crowley are without merit. The thrust of the City's first argument is that 29 U.S.C.A. § 207 and La.R.S. 33:1994 prescribe work weeks of forty and sixty hours, respectively. This is an incorrect statement of these provisions. Both of the statutes simply prescribe that work beyond the designated number of hours calls for payment of wages at the rate of one and one-half times the regular rate of pay. The purpose of these laws was to discourage employers from forcing their employees to work unusually long hours without compensating them at a rate of pay in excess of the normal rate, and they provide no justification for an ordinance prohibiting employees from voluntarily pursuing outside work.
The second argument made by the City, that their exposure to liability for sick pay under La.R.S. 33:1995[4] is increased because of outside employment by its firemen and attendant increased risk of accident and/or sickness, is likewise without merit, primarily because it is founded on a faulty premise. Leisure time activity may well be, and often is, just as risky as the occupational hazards incident to a wide range of jobs.
The prohibition applicable to all outside work is thus unreasonable. Because the prohibition is all encompassing we need not consider whether an ordinance might be *900 reasonable if the prohibited "moonlighting" activity were confined to outside work with a demonstrated high risk or hazard of injury. Furthermore this argument, that possible increased sick pay liability was a councilmanic consideration in passing the ordinance is not supported by the text of the ordinance, the purpose of which, as stated in the preamble, is confined to providing efficient firemen.
The important question remaining for our decision is whether the City had the power to enact the ordinance at issue, and whether the means adopted therein were reasonable.
Municipalities in the State of Louisiana are given the authority in various provisions of the revised statutes to regulate their fire departments. Specifically, with regard to the City of Crowley, La.R.S. 33:402 provides that:
"The following additional powers are conferred on the mayor and aldermen of cities, towns and villages:
(8) To provide for the prevention and extinguishment of fires; to organize and maintain a fire department, ..."
In additional, La.R.S. 33:1965 provides, in part:
"If the municipality has less than one hundred thousand inhabitants, the governing authority of the municipality shall regulate the fire department."
The authority to enact ordinances to regulate in this sphere is not without limitations, however. Although the ordinance may have a legitimate purpose which falls within the municipality's legislative authority, if it is unreasonable or arbitrary in accomplishing its objective, this Court will declare the ordinance invalid. The means adopted by an ordinance to attain a result must be reasonably adapted to a public end and must not be so oppressive or unreasonable as to outweigh the desired benefits. Additionally, there must be at least some substantial evidence upon which the legislative action could have been taken. In determining the reasonableness of a muncipal ordinance, a court is empowered to inquire into the local conditions which may or may not support the validity of the ordinance and, where evidence is presented as to local conditions which are incongruous with the reasonableness of the ordinance, the ordinance will be invalidated although under different local conditions it would be upheld. 56 Am.Jur.2d Corporations, Sec. 383, p. 422.
In the instant case, the pertinent findings of the Court of Appeal were as follows:
"The clear preponderance of the evidence presented at the trial discloses the following pertinent facts:
a. Engaging in outside employment has been a common practice by employees of the fire department of the City of Crowley since the beginning of that department.
b. No firemen has required sick leave or pay as a result of injuries sustained while engaged in outside employment during at least sixteen years prior to the trial of this case.
c. There has been no problem in locating off-duty firemen to have them report for emergencies while those firemen were engaged in outside employment. Some evidence suggested that these firemen were more readily accessible while working on outside jobs because their location is then more easily determined. No evidence suggests that they would be harder to find or that divided loyalties would ever prevent their reporting for fire fighting duty.
d. Uncontradicted testimony also reveals that outside employment has not caused any fatigue which would hinder the alertness of the firemen while on duty. In view of the nature of their duty, this testimony appears to be quite reasonable. Crowley firemen work shifts of 24 hours on duty and 24 hours off duty. While on duty, in the absence of emergencies, the firemen ordinarily sleep several hours each night. During the intervening off duty days, these men *901 can easily work a few hours, have time for sleep and return to work in a rested and alert condition. Prior to the passage of Ordinance No. 902, the Mayor and Board of Aldermen did not receive any complaints or conduct any investigation which indicated that outside employment had or would interfere with a fireman's performance of his duties."
As earlier noted, the sole stated purpose of the ordinance at issue is that of "maintaining and increasing the efficiency of the members of the ... Fire Department." Admittedly, were the firemen working under a different hourly schedule which would result in a lack of available outside working time, this ordinance might well be reasonable in attempting to insure that the firemen were alert, healthy and not lacking in sleep or rest due to outside employment. However, the record presented to this Court indicates that the firemen are on duty twenty-four hours during which time they sleep several hours, and then are off duty for the next twenty-four hours. Through simple mathematical computation it appears that these firemen have approximately 4½ days of "off-duty" time during a seven day week. This demonstrates that the ordinance forbidding any outside employment is clearly unreasonable. The firemen have opportunity to sleep and rest during their "on-duty" hours as well as the full twenty-four hours which intervene between each working day. To curtail their freedom to pursue outside employment under these circumstances is an arbitrary exercise of authority by the municipality and is not reasonably related to the ostensible purpose of the ordinance.
The principle that legislative action must be reasonable and not oppressive is firmly established in our jurisprudence. In State v. Birdsell, 235 La. 396, 104 So.2d 148 (1958), we had before us the validity of a statute which denounced the possession of a hypodermic needle without a physician's prescription. The statute was applicable without regard to the use for which the needle was possessed, and the possessor was not allowed to show that the needle was possessed for an innocent and legal purpose. We held the statute to be unconstitutional as an arbitrary and unreasonable exercise of police power contrary to the due process clause of the U. S. Constitution. Of particular relevance to the instant case is the following quotation taken from Birdsell at 104 So.2d 148, 152.
"... In all American Jurisprudence verbo Constitutional Law, Section 302 it is stated: `The fixed rule and basic standard by which the validity of all exercise of the police power is tested is that the police power of the state extends only to such measures as are reasonable and that all police regulations must be reasonable under all circumstances. Too much significance cannot be given to the word "reasonable" in considering the scope of the police power in a constitutional sense, for the test used to determine the constitutionality of the means employed by the legislature is to inquire whether the restrictions it imposes on rights secured to individuals by the Bill of Rights are unreasonable, and not whether it imposes any restrictions on such rights. It has been said that the only limitation upon the exercise of the police power is that such exercise must be reasonable. The validity of a police regulation therefore primarily depends on whether under all the existing circumstances the regulation is reasonable or arbitrary and whether it is really designed to accomplish a purpose properly falling within the scope of the police power.
"`* * * A statute to be within this power must also be reasonable in its operation upon the persons whom it affects, must not be for the annoyance of a particular class, and must not be unduly oppressive.' These pronouncements were quoted with approval in Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So.2d 248. See, also, City of Baton *902 Rouge v. Rebowe, 226 La. 186, 75 So.2d 239 (1954).
"... Further, in 11 American Jurisprudence verbo Constitutional Law, Section 304 it is said: `It is difficult, if not impossible, to lay down an all-embracing test of reasonableness by which the great variety of situations impelling legislative regulation can be measured. Thus, what constitutes a reasonable interference with private property by the exercise of the police power is a matter for which there is no certain test, but one which rests in human judgment. * * * All statutory restrictions of the use of property must be imposed upon the theory that they are necessary for the safety, health, or comfort of the public. Accordingly, if a restriction or regulation is without reason or necessity, it cannot be enforced. * * *'"
Although Birdsell, supra, involved a criminal prosecution in which an individual's liberty was at stake, nevertheless we believe the principles enunciated there are applicable in the instant case.
We find it particularly crucial in this case that the ordinance in question operates as a direct infringement upon one of the basic individual freedoms, the right to work, and although this Court is reluctant to interfere with legislative powers granted to municipal authorities, where these powers are exercised in such a manner as to prohibit in absolute terms the right of individuals to pursue employment, absent a reasonable need dictated by an interest in the health and safety of the public, we must declare that the exercise of authority is invalid and contrary to the due process provisions of the Louisiana and United States Constitutions.
The firemen of the City of Crowley did indeed recognize that in certain circumstances outside employment could interfere with the performance of their duties. They adopted and submitted to the City a proposed set of rules, governing, among other matters, regulation of outside employment. The proposed rule provided:
"ARTICLE XVIII: OUTSIDE EMPLOYMENT.
Members of the Crowley Fire department may engage in outside employment (commonly known as `moonlighting') only subject to the following conditions:
(a) Member must be available for special duty or change in assignment as directed.
(b) Outside employment must in no way conflict with employment in the fire department. If the outside employment in any way interferes with the employee's fire department service, the Chief of the fire department will have the right to order the employee to discontinue the outside employment.
(c) The Crowley Fire Department and the City of Crowley will assume no responsibility nor liability for outside employment.
(d) Employee holding outside employment must, at the request of the Crowley Fire Department, sign a waiver of sick leave time for any lost time caused by the outside employment."
While the firemen's proposal is of no special legal consequence it does serve to highlight the unreasonableness of the ordinance under consideration. The ordinance is simply an outright absolute prohibition of such employment, unreasonably infringing upon the firemen's freedom, and is without the support of any substantial local evidence to justify the curtailment of this freedom.
In conclusion, we hold that Ordinance No. 902 enacted by the City of Crowley is unconstitutional being in violation of the due process provisions of the Louisiana Constitution and the United States Constitution and is without any force and effect. We must emphasize however, that our holding is predicated only upon the particular evidence of local conditions presented here and would not necessarily be determinative under a different set of facts and circumstances.
*903 For the reasons herein assigned the judgment of the Court of Appeal is affirmed.
MARCUS, J., dissents for the reasons assigned.
SANDERS and SUMMERS, JJ., dissent for the reasons assigned by MARCUS, J.
MARCUS, Justice (dissenting).
I feel that the ordinance herein represents a reasonable exercise of the City's legislative authority. The general rule is that a regulation prohibiting outside employment by police and fire employees is valid. 88 ALR 2d 1235, Annotation, Public EmployeeOutside Occupation; 63 Am Jur 2d Public Officers and Employees, Sec. 280, p. 794; 56 Am Jur 2d Municipal Corporation, etc., Sec. 322, p. 356.
Accordingly, I respectfully dissent.
NOTES
[1] With respect to another ordinance at issue in the same lawsuit below, which required that all employees of the police and fire departments reside within the city limits of Crowley, the trial court held the ordinance to be an unreasonable exercise of authority by the municipality. We are not here concerned with that portion of the trial court judgment, because the City has not appealed.
[2] Where an appellate court has declared an ordinance or statute unconstitutional this Court will grant a writ of certiorari as a matter of right. Bradford v. Department of Hospitals, 255 La. 888, 233 So.2d 553 (1970).
[3] Another argument by the City which we deem unnecessary to seriously entertain is that passage of this statute, designed to afford firemen a "living wage" ($400 monthly) pretermits any need for the firemen to have additional income.
[4] This section provides that all firemen shall be entitled to full pay during sickness or incapacity for a period of not less than fifty-two weeks, regardless of whether the sickness or incapacity is connected with their work as firemen.