478 So.2d 1370 (1985)
David BENELLI, et al.
v.
The CITY OF NEW ORLEANS, et al.
No. CA-0850.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1985.
*1371 Salvador Anzelmo, City Atty. for City of New Orleans, Galen S. Brown, Thomas W. Milliner, Deputy City Attys., New Orleans, for defendants-appellants, City of New Orleans and the Superintendent of Police of the City of New Orleans, Henry M. Morris.
Sidney M. Bach, Bach & Wasserman, New Orleans, for plaintiffs-appellees, David Benelli, Stanley Burkhardt, Ronald Cannatella, Lisa Dazzo, Cindy Duke, John Marie, Norman McCord, Norman Taylor, individually and as Police Officers of the New Orleans Police Dept. and in their capacity as Directors of the Police Ass'n of New Orleans.
Before GULOTTA, KLEES and WARD, JJ.
WARD, Judge.
The issue in this appeal is whether an internal administrative regulation of the New Orleans Police Department violates the constitutional rights of the members of the police force. Section 85.0 of the NOPD Operations Manual, "Paid Detail/Outside Employment",[1] states that:
Members wishing to work any paid details or engage in outside employment shall complete a New Orleans Police Department Paid Detail/Outside Employment Authorization Form # 121 prior to working the paid detail or outside employment....
A companion regulation, ASOP 85.1, requires compliance with ASOP 85.0 by members who work paid details at alcoholic beverage outlets.
Form # 121 requires that those who employ off-duty police officers:
1. Assume all liability for workmen's compensation coverage of the member for any and all injuries sustained while working the paid detail/outside employment.
2. Assume all liability for costs which may be incurred for the legal defense of the member employed on the paid detail/outside employment including defense in any lawsuits brought as a result of the member's action and shall hold the city blameless for same.
After this suit was filed, Form # 121 was revised to further provide that employers would indemnify and hold the City harmless for "damages, costs, and attorney's fees" which might be incurred because of incidents involving police officers "in performance of duties related to or in connection with said outside employment." The revised form is under consideration in this appeal.
Eight members of the New Orleans Police Department, individually and as directors of the Police Association of New Orleans, filed suit against the City of New Orleans and its Superintendent of Police, Henry Morris, seeking to enjoin enforcement of the requirement that the members' outside employers sign Form # 121. The plaintiff police officers alleged that the regulatory requirement substantially inhibited *1372 their obtaining off-duty jobs which they need to supplement their police pay. They contended that the regulation was an unlawful and overbroad interference with their right to freely contract labor and a restriction upon their opportunities to legitimately acquire income, denying their constitutional rights to due process under the United States and Louisiana Constitutions. Further, they contended that their constitutional right to equal protection of the laws was violated because other City employees who "moonlight" were not required to have their outside employers sign forms assuming liability.
Both the police officers and the City agree that the constitutionality of the regulation is subject to scrutiny under a standard requiring that it be rationally related to legitimate governmental interests. The City contends in defense of the regulation that the police officers have failed to rebut the applicable presumption of constitutionality and that there is a rational relationship between the regulation and its purpose. The City asserts that the primary purpose of the regulation is to limit its financial exposure for workers' compensation and tort liability for the acts of its police officers engaged in off-duty employment. Secondarily, the City asserts that the regulation also serves to inform the Police Department of the outside employers of its members, insuring that they do not engage in unsavory or disreputable part-time occupations and that the number of hours worked for outside employers does not jeopardize the health or job efficiency of members of the Department. However, we have not considered this secondary purpose of Form # 121 because the only issue here is the requirement that the paid detail and outside employers assume liability.
The Trial Judge ruled in favor of the police officers, treating the suit as a class action and granting a preliminary injunction prohibiting enforcement of the requirement that outside employers sign the form. In written reasons for judgment, the Trial Judge relied upon the decision in City of Crowley Firemen v. City of Crowley, 280 So.2d 897 (La.1973), which declared unconstitutional an ordinance prohibiting offduty employment by the Crowley firefighters. As did the Supreme Court in the Crowley case, the Trial Judge examined the governmental interests to be furthered by the regulation and then considered the rationality of the means employed to achieve the City's ends. The Trial Judge separately considered the regulation as it applies to tort and worker's compensation liability for both paid details and outside employment. He concluded that in all instances the regulation is "unreasonable." He did not consider the issue of equal protection.
In its appeal from the lower court's holding on the due process claim, the City contends that the regulation furthers valid governmental purposes and is a reasonable means rationally related to those ends. The City distinguishes the Crowley decision, pointing out that the ordinance under scrutiny in that case flatly prohibited all outside employment by firefighters and that the City of Crowley failed to present any substantial evidence to show that its ordinance furthered the expressed purposes of preventing on-duty fatigue and saving public funds expended for sick pay.
We agree with the Trial Judge's analysis of the due process issue. He correctly acknowledged that the guarantee of substantive due process in the federal constitution requires that legislation and administrative rules have a rational relationship to a legitimate end of government. The right to hold specific private employment and to follow a chosen profession free from unreasonable government interference comes within the "liberty" and "property" concepts of the Fourteenth amendment. Greene v. McElroy, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959). Banjavich v. Louisiana Licensing Board, 237 La. 467, 111 So.2d 505 (1959). Furthermore, Article 1, Sec. 4 of the Louisiana Constitution gives every person the right to acquire private property, subject to "reasonable statutory restrictions" and the "reasonable exercise of the police power."
We begin our consideration of the reasonableness of the regulation by finding *1373 that limitation of the City's exposure to liability and protection of the public treasury are legitimate governmental ends. It is proper for the City to shield itself from liability which is not properly its responsibility, as where an off-duty officer either commits a tort or is injured while performing services for an outside employer which in no way benefits the City or the public at large. On the other hand, we believe it is not a proper governmental end for the City to shift the entire legal responsibility for its police officers onto paid detail employers who might coincidentally benefit from duties which benefit the public at large and which a police officer is legally obligated to perform twenty-four hours a day.
With this distinction between proper and improper governmental purposes in mind, we next consider the reasonableness of the means by which the City attempts to limit and shift liability from claims incurred by off-duty police officers who engage in private employment. As did the Trial Judge, we find it necessary to separately consider the reasonableness of the regulation as a means of limiting exposure from workers' compensation claims and from third-party tort suits for both paid details and outside employment. The regulation must be reasonable under all circumstances to pass constitutional muster. See, State v. Birdsell, 235 La. 396, 410, 104 So.2d 148, 152 (1958).
As to workers' compensation claims where an off-duty officer is injured performing the duties of his outside employment while not responding to a police matter, the form has no effect because the City would incur no liability. An outside employer would be solely liable based upon the provisions of La.R.S. 23:1031 that "[i]f an employee ... received personal injury... arising out of and in the course of his employment, his employer shall pay compensation...." Requiring an outside employer to sign a form expressly assuming liability which already exists pursuant to the workers' compensation statute serves no purpose other than to intimidate potential outside employers and to harass the police officer who seeks outside employment. Therefore, since the use of Form # 121 achieves no governmental purpose in this situation, we hold that Section 85.0 of the NOPD Operations Manual is unreasonable. It infringes on the constitutional rights of the police officer.
Similarly, where an off-duty officer commits a tort in connection with outside employment while not responding to a police matter, the form has no effect because the City is not liable for the torts of its employees which are unrelated to their duties for the City. Even in the absence of an express assumption of liability, the outside employer, and not the City, would be potentially liable for any damages, costs and attorney's fees. Again, the form does nothing except make it more difficult for an off-duty police officer to get outside employment, and we again hold that it is unreasonable to require outside employers sign an intimidating form with no legal effect.
The reasonableness of the regulation in shielding the City from liability for police department members on paid details, where they are hired to perform police duties, must take into consideration the fact that off-duty officers are required to take "police action" in response to "any serious police matter coming to their attention at any time." N.O.P.D. Operations Manual, Rule 4, Paragraph 7. Furthermore, Louisiana courts have established the rule that when an off-duty officer takes the required "police action", the City is liable for resulting torts. Cheatham v. City of New Orleans, 378 So.2d 369 (La. 1980). If the officer commits a tort while on a paid detail, the primary employer (the City of New Orleans) and the paid detail employer are liable in solido. Cappo v. Vinson Guard Service, 400 So.2d 1148 (La. App. 1st Cir.1981). The public is benefited where an off-duty member of the police force responds to a "serious police matter" regardless of whether the officer's actions also benefit a paid detail employer. Hence, we find solidary liability reasonable and just.
Shared liability also results under workers' compensation law where an off-duty *1374 officer on a paid detail is injured while responding to a police matter. La.R.S. 23:1031 provides that joint employers contribute workers' compensation benefits in proportion to their wage liability to the employee. Although the statute allows employers to make alternative arrangements between themselves regarding the payment of benefits, in the case of a police officer whose primary job requires that he act even when technically off-duty, it is unreasonable for the City to require an arrangement whereby the paid detail employer assumes all liability.
We hold that it is not a legitimate end of the City of New Orleans, and hence unreasonable, to attempt to completely shift either tort or workers' compensation responsibility for police officers, who are required to act at all times to benefit the public, to individuals or groups who hire the officers on paid details. Furthermore, we believe the attempt to so burden paid detail employers chills the police officers' constitutional rights to liberty and property.
In conclusion, we hold unconstitutional Sections 85.0 and 85.1 of the NOPD Operations Manual which require that employers expressly assume full tort and workers' compensation liability when they hire offduty officers. Since we find that the regulatory requirement is unconstitutional because it infringes upon the due process rights of the officers, we need not consider the claim that it violates their right to equal protection of the law.
Although this decision will affect all members of the New Orleans Police Department, including those not party to this suit, it was error to hold it was a class action since the plaintiffs failed to comply with notice and other procedural requirements. See, Williams v. Louisiana, 350 So.2d 131, 137 (La.1977). Accordingly, we reverse the Trial Judge's decision to certify the lawsuit as a class action.
AFFIRMED IN PART, REVERSED IN PART.
GULOTTA, J., concurs in part and dissents in part.
GULOTTA, Judge, concurring in part and dissenting in part.
I concur with that part of the majority's decree enjoining the police department from enforcing its regulation requiring a private employer who employs an off-duty police officer for a private detail to assume liability for workers' compensation coverage of the officer for injuries sustained while working on the paid detail outside employment, to pay costs and legal expenses incurred and to hold the City blameless.
I dissent, however, from the majority's conclusion insofar as it reverses the trial court's judgment that this suit was properly the subject of a class action. All of the requirements have been met for a class action. See C.C.P. Art. 591 et seq. See also Williams v. State, 350 So.2d 131 (La. 1977), which discusses the notice requirements necessary in a class action.
In connection with those requirements, the trial judge stated in written reasons for judgment:
"On the trial of the exception, Officer Canatella testified that he has been president of PANO since 1980 and that a newsletter was sent to all PANO members informing them about the lawsuit. Additionally, he had notices sent to all members of NOPD. Also, he testified that there are over one hundred members of PANO and over one thousand non-ranked members of the NOPD."
Considering the conclusions of the trial judge, which supported by the record, together with Williams v. State, supra, I am of the opinion that the instant suit meets the requirements for a class action. Accordingly, I respectfully dissent from that part of the majority opinion reaching a different result.
NOTES
[1] ASOP 85.0 provides the following definitions which we adopt in this opinion:

Paid Detail: A paid detail is the employment of any commissioned member of the Department by another individual, business, establishment, or organization where the member is privately paid and is primarily performing the duties of a police officer, either in plainclothes or in uniform.
Outside Employment: Outside Employment is the employment of any member of the Department by another individual, business, establishment, or organization, or on a self-employed basis, where the member is privately paid and is primarily performing duties of a non-police function.