JONES, Judge.
Appellants, City of New Orleans and the Civil Service Commission for the City of New Orleans appeal the trial court’s judgment declaring Civil Service Rule IV, Section 1.3(d) and the Ordinance adopted by the City invalid because it was unreasonable as applied to the New Orleans Police Department. The actions of the Commission and the City were undertaken to change the rules of the Commission to allow a reduction of the work week for municipal employees to four days and thirty-two hours. We reverse the trial court’s judgment finding that it is not supported by the evidence.
Appellees filed their original petition contesting the procedures by which the City and Commission adopted the four day work week. Prior to trial this matter was consolidated with a second lawsuit, Chester Cooke v. City of New Orleans, et al., No. 86-19120, Civil District Court for the Parish of Orleans which contested the City and *924 Commission’s actions on other grounds. On December 19, 1986, the trial court rendered judgment finding that appellees’ petition lacked merit but that the actions by the Commission and City were invalid as applied to the police department. The trial court reasoned that in light of the “public safety, health and welfare” of the City these actions were unreasonable.
Subsequently, the trial court granted appellant’s motion for new trial so that they would have the opportunity to present evidence that vital city services were not adversely effected by the reduction of the standard police work week. The trial court also proposed to allow expert testimony, by an independent consultant, on the issue of delivery of police services over the period in question. Finally, the trial court consolidated the new trial of the two aforementioned cases with Mane, et al. v. City of New Orleans, et al., No. 86-7102, Civil District Court for the Parish of Orleans, another case challenging the Commission’s actions. The trial court also allowed appel-lees to make RTA a party for the purpose of seeking a mandatory injunction directing the City to impose a service charge to raise police services to a basic level.
Before the cases came up for trial, the Commission filed declinatory exceptions of no cause of action and lack of subject matter jurisdiction citing Strickland v. Office of the Governor, 525 So.2d 740 (La.App. 1st Cir.1988), dismissed as moot 534 So.2d 956 (La.1988). The Commission’s exceptions were continued by the trial court. The City took writs on the exceptions and this court denied writs. Ultimately, the trial court severed the matter herein from the other cases. Thereafter, appellants withdrew their motion for new trial and moved that appellees’ cause of action be dismissed alleging that the issues were moot because the five-day work week was reinstated and the public was the only party allegedly injured by the rule change. The trial court granted appellants’ motion to withdraw the new trial order but reinstated the original judgment of December 19, 1986. From this judgment, the City and the Commission appeal.
By their first assignment of error, appellants argue that the trial court erred in granting relief regarding issues not properly before the Court. Appellants argue that La.C.C.P. article 862 is not construed as permitting the trial court to decide controversies which the litigants have not raised themselves. Patrick v. Patrick, 227 So.2d 162, 164 (La.App. 2d Cir.1969) writ rfsd 255 La. 238, 230 So.2d 91; Tassin v. Setliff 470 So.2d 939, 941 (La.App. 3d Cir.1985). When a trial court does such a thing, it exceeds its authority. Furthermore, appellants argue that the trial court’s finding is made on a total absence of allegations made in the petition, proven facts, evidence adduced or argument to that effect. By considering the merits of the Commission’s hearing regarding the adoption of the rule the trial court transformed appellees’ cause of action into an appeal from a Commission hearing which is in the exclusive jurisdiction of this court.
We agree that the record is devoid of any evidence that would show a reduction of police services as a result of the actions by the Commission and the City. The trial court was without basis for holding the rule invalid as applied to the police department and judgment should have been rendered in favor of the Commission and the City.
By their second assignment of error, appellants argue that the trial court erred by awarding damages to individuals other than the named parties to this action because the parties stipulated that the case would not be tried as a class action.
The trial court erroneously relied upon Bennelli v. City of New Orleans, 478 So.2d 1370, 1374 (La.App. 4th Cir.1985). The Bennelli decision involved no back-pay or other legal remedy. The Fourth Circuit recognized that injunctive relief, by its very nature, affects all members of the New Orleans Police Department including those not party to the law suit. The opinion specifically rejects the trial court’s holding the case as a class action since plaintiffs failed to comply with notice and other procedural requirements.
*925 Had appellees been entitled to judgment only the named parties would have been entitled to back-pay as a result of this lawsuit. In order for the court to award back-pay to all the officers entitled to receive it a class would have to be certified.
Por the foregoing reasons, the trial court’s judgment is reversed.
REVERSED.