Dear Lt. Martin,
Your inquiry forwarded to this office raises the following legal issue for our review:
 A municipal officer wearing a uniform was working an off-duty job at a local department store when a shoplifting offense occurred in his presence. This officer was injured while attempting an arrest. Is the municipality or the department store liable for workers' compensation benefits?
LSA-R.S. 23:1031 is applicable to your inquiry and provides:
§ 1031. Employee's right of action; joint employers, extent of liability.
 A. If an employee not otherwise eliminated from the benefits of the Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
 B. In case any employee for whose injury or death payments are due is, at the time of the injury, employed and paid jointly by two or more employers subject to the provisions of this Chapter, such employers shall contribute to such payments in proportion to their several wage liabilities to the employee; but nothing in this Section shall prevent any arrangement between the employers for different distribution, as between themselves, of the ultimate burden of such payments. If one or more but not all the employers are subject to this Chapter, then the liability of such of them as are so subject shall be to pay that proportion of the entire payments which their proportionate wage liability bears to the entire wages of the employee; but such payment by the employers subject to this Chapter shall not bar the right of recovery against any other joint employer.
 C. An injury by accident shall not be considered as having arisen out of the employment and is thereby not covered by the provisions of this Chapter if the injured employee was engaged in horseplay at the time of the injury.
 D. An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee's employment.
Interpreting LSA-R.S. 23:1031 quoted above, the jurisprudence reflects the following:
 Shared liability also results under workers' compensation law where an off-duty officer on a paid detail is injured while responding to a police matter. LSA-R.S. 23:1031 provides that joint employers contribute workers' compensation benefits in proportion to their wage liability to the employee. Although the statute allows employers to make alternative arrangements between themselves regarding the payment of benefits, in the case of a police officer whose primary job requires that he act even when technically off-duty, it is unreasonable for the City to require an arrangement whereby the paid detail employer assumes all liability. Benelli v. City of New Orleans, 478 So.2d 1370 (La.App. 4th Cir. 1985), at page 1373.
In the alternative, where an off-duty police officer is injured performing duties of his outside employment while not responding to a police matter, his outside employer, rather than the municipality, is solely liable for workers' compensation. SeeBenelli, supra, at page 1373.
We enclose a copy of the Benelli case for your further reference.
It is inappropriate for this office to draw factual conclusions in this matter, as this is the responsibility of the appropriate court should litigation ensue. Factual conclusions in your particular matter are determinative of the law to be applied; this opinion serves only to apprise you of statutory authority which may be relevant.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Enclosure
Lt. Larry Martin Division Commander Special Operations/Administrations Services Monroe Police Department P.O. Box 1581 Monroe, LA 71210-1581
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL