McCALEB, Justice.
Appellant was charged, tried and convicted on a bill of information containing 'four counts for issuing worthless checks in violation of R.S. 14:71. As each worthless check was • for an amount less than $100 but for more than $20, the judge imposed sentences of two years imprisonment at hard labor on each count (the maximum jail sentence), ordering the sentences on the first three counts to run consecutively and the sentence on the fourth count to run concurrently with the other sentences.
During the proceedings below, appellant reserved two bills of exceptions on which she relies for a reversal of her convictions.
The first bill was reserved prior to the selection of the jury when an oral motion to recuse the judge was overruled.
Apart from the fact that the motion is procedurally defective in that Article 674 C.Cr.P., requires such a pleading to be in writing, the motion, which was based on the ground that the judge had on a prior occasion represented appellant in a criminal case, is without substance.
It is stated in the judge’s per curiam that counsel did not specify in the oral pleading when, or in what case, appellant had been represented by the judge, and that he has no recollection of ever representing or even meeting her. No proof whatever has been submitted to contradict this statement.
Bill No. 2 was taken to the judge’s denial of a defense motion for a mistrial based on the ground that the prosecution elicited evidence pertaining to appellant’s previous- criminal record.
*361 While Detective Latterade of the New Orleans Police Department was testifying concerning his investigation of the complaint against appellant, he declared that he called at appellant’s home for the purpose of notifying her that the checks she had given had been dishonered by the bank and to afford her the opportunity to make the checks good before the ten-day period expired.[1] The witness stated that when he arrived at the residence he interviewed a lady (whom he did not recognize at that time) about the N.S.F. checks. However, he testified that, after leaving the house, he examined his briefcase and found data showing that he had arrested her on a previous occasion.
When the witness made this voluntary statement, the prosecuting attorney cautioned him, “Don’t say anything about that”, whereupon, defense counsel moved for a mistrial " * * * on the basis of the officer’s remarks.” The judge denied the motion and immediately instructed the jurors “* * * to disregard the last remark of the witness.” Counsel then reserved Bill No. 2.
We find no merit in the complaint. While evidence of prior arrests is generally inadmissible at a trial involving the guilt or innocence of the accused, this was a voluntary remark by the witness for which the prosecution was not responsible, and it is reasonable to conclude that appellant was not prejudiced in view of the judge’s immediate instruction to the jury to disregard the statement. Indeed, it is well settled “that the trial for a criminal offense cannot be defeated or nullified by the act of a witness in volunteering an objectionable remark” under circumstances like those present in the instant case. State v. Donaldson, 238 La. 265, 115 So.2d 345 (1959), and cases there cited; State v. Rideau, 249 La. 1111, 193 So.2d 264 (1967).
The convictions and sentences are affirmed.

. R.S. 14:71 provides that tlie offender’s failure to pay such elicek, draft or order within ten days after receipt of a written notice of non-payment upon presentation “shall be presumptive evidence of his intent to defraud.”