SANDERS, Justice.
This is a murder prosecution. The East Baton Rouge Parish Grand Jury indicted Billy Wayne Sinclair for the murder of J. C. Bodden during the robbery of a grocery store on November 5, 1965. The trial judge overruled several preliminary motions filed by the defendant. After hearing the evidence, the jury found the defendant guilty as charged. The trial judge later imposed the mandatory death penalty.
The defendant has appealed, relying upon 16 bills of exceptions perfected in the trial court.[1]
BILLS OF EXCEPTIONS NOS. 1 and 2: Exemption of Women from Jury Service.
*89 The defendant reserved Bills of Exceptions Nos. 1 and 2 to the overruling-of his motion to quash the petit jury venire on the ground that no women were available for jury service because they are ex- . empt from such service both by the state constitution and by statute.
Article 7, Section 41 of the Louisiana Constitution provides :
“[N]o woman shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service.”
Article 402 of the Louisiana Code of Criminal Procedure contains a similar provision.
In effect, the motion to quash and the argument assert that these state provisions violate the Fourteenth Amendment of the United States Constitution.
Both this Court and the United States Supreme Court have answered this contention adversely to defendant’s position. State v. Comeaux, 252 La. 481, 211 So.2d 620; State v. Reese, 250 La. 151, 194 So.2d 729; Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118.
In Hoyt v. Florida, the United States Supreme Court held:
“Despite the enlightened emancipation of women from the restrictions and protections of bygone years, and their entry into many parts of community life formerly considered to be reserved to men, woman is still regarded as the center of home and family life. We cannot say that it is constitutionally impermissible for a State, acting in pursuit of the general welfare, to conclude that a woman should be relieved from the civic duty of jury service unless she herself .determines that such service is consistent with her own special responsibilities.” • ,
Our statute is almost identical to that of Florida upheld in the Hoyt case. Women are free to serve on juries in Louisianá by filing their declaration with the Clerk of Court. Otherwise, they are exempt from service.
These bills of exceptions are without merit.
BILL OF EXCEPTIONS NO. 5:

Refusal of a Continuance.

Bill of Exceptions No. 5 was reserved to the overruling of a motion for continuance *91 filed on the morning of the trial. The background facts are these. The defendant was represented by two experienced criminal defense attorneys, appointed by the court. On the morning of the trial day, one of them is alleged to have received a telegram that his mother-in-law had died in North Louisiana. Defense counsel thereupon filed a motion for continuance, based upon the ground that the attorney was needed in North Louisiana to handle the funeral arrangements. No evidence was offered on the motion for continuance.
The motion for continuance is unsupported by evidence. For that reason alone, it lacks merit. The trial judge assumed, however, that the allegations of the motion were correct. Apparently being of the opinion that the defense could be adequately handled by the remaining attorney, the trial judge denied the continuance but relieved the second attorney of his duties so that he could go to North Louisiana.
LSA-R.S. 15 :320, in effect at the time of the trial, provided:
“The granting or refusing of any continuance is within the sound discretion of the trial judge; provided, that any arbitrary or unreasonable abuse of such discretion may be reviewed by the proper appellate tribunal on appeal. All persons accused of crime shall be entitled to a speedy trial, and may invoke the supervisory jurisdiction of the supreme court to enforce by mandamus this right.”
The granting of a continuance is within the sound discretion of the trial judge, and his ruling on a motion for a continuance will not be disturbed on appeal unless the ruling is clearly arbitrary and unreasonable. State v. Ganey, 246 La. 986, 169 So.2d 73; State v. Freeman, 245 La. 665, 160 So.2d 571; State v. McAllister, 244 La. 42, 150 So.2d 557.
In the present case, the homicide was committed on December 5, 1965. A month later, the defendant was arraigned. Several preliminary motions were filed and later overruled. Defense counsel applied to this Court for a review of the ruling on the motion to quash because of the absence of women from the jury venire. See State v. Sinclair, 249 La. 373, 186 So.2d 626 (“Writs refused. Applicant will have an adequate remedy in the event of his conviction.”)
The case was first assigned for trial on April 25, 1966, and was reassigned for May 23, 1966. The May assignment was later cancelled and the case was assigned for trial on June 7, 1966. One day prior to trial, however, defense counsel filed a petition for removal in the United States District Court for the Eastern District of Louisiana. Defense counsel interposed the removal as a bar to further state proceedings. On motion of the district attorney, how *93 ever, the United States District Court remanded the case on the morning of the trial. Two out-of-state witnesses, one from California and another from the District of Columbia, were present for the trial.
As we have observed, both attorneys were experienced in criminal defense. They ■ had approximately three months to prepare for the trial.[2] The record reflects no trial prejudice to the defendant as a result of being represented by one appointed counsel instead of two.
In view of the previous trial delays and the presence of out-of-state witnesses, we hold that the trial judge was neither arbitrary nor unreasonable in denying the continuance.
BILLS OF EXCEPTIONS NOS. 6 and 7:

Plea of Present Insanity and Motion to Appoint A Lunacy Commission to Determine Present Sanity.

On the day of trial, defendant was re-arraigned. After the indictment was read to him, he responded, “Insanity at the present time.” When informed that this was not a proper plea, defense counsel orally moved for the appointment of a commission to inquire into defendant’s competence to stand trial. The trial judge informed the defendant of the available pleas. The defendant then replied that he refused to plead.
The trial judge denied .the oral motion and entered a plea of not guilty. Defense counsel reserved a Bill of Exceptions and the trial proceeded.
 The pleas available to the defendant at that time were guilty, not guilty, former jeopardy, and insanity at the time of the commission, of the offense. See former LSA-R.S. 15:261. When the defendant refused to plead, a plea of not guilty was properly entered for him. Former LSA-R.S. 15:255.
When the court has reasonable ground during the trial to believe that the defendant is insane to the extent that he is unable to understand the proceedings, it may order a hearing as to present sanity. Former LSA-R.S. 15:267. As shown by the record, however, the trial judge had no basis here for the appointment of a lunacy commission other than defendant’s oral statement.
Under the circumstances, we find no merit in these bills.
BILL OF EXCEPTIONS.NO. 8:

Motion for Mistrial.

During the trial, the district attorney asked a state’s witness, “Did you 'discuss him [the defendant] while he was in the restaurant.” The witness replied that those present did because he “looked like *95 someone who was trying to rob the place.” Defense counsel then moved for a mistrial. The court overruled the motion but instructed the jury to disregard this portion of the testimony.
Obviously this testimony was unsolicited and .unresponsive to the question. His denial of a mistrial was proper. State v. Callihan, 257 La. 298, 242 So.2d 521; State v. Arena, 254 La. 358, 223 So.2d 832; State v. Simpson, 216 La. 212, 43 So.2d 585, cert. denied 339 U.S. 929, 70 S.Ct. 625, 94 L.Ed. 1350.
BILL OF EXCEPTIONS NO: 9:

Testimony Concerning Bullets Found at Scene.,

The State called Deputy Cecil W. Evans as a prosecution witness. He testified that, as a result of a telephone call, he went to the scene of the alleged crime. He was then asked if he found any “slugs” at the scene. The defense objected to the question on the ground that the slugs had not yet been connected with any particular gun. The trial judge overruled the objection, stating that he could not control the order of proof.
The bullets were not offered in evidence at this time. This was a preliminary question; and the court cannot control the order of the State’s evidence. Former LSA-R.S. 15:368.
BILLS OF EXCEPTIONS 10 and 11:

Introduction of Photographs.

State’s witness Deputy Cecil W. Evans testified that he had requested another Deputy; Sheriff to take some photographs of the scene of the crime. He identified the photographs and testified that they accurately represented the scene at the time.
Defense counsel objected to the- introduction of these photographs and later to their being shown to the jury. The trial judge overruled these objections.
It is true the witness did not take the photographs himself. He did testify, however, that he had them made and they accurately represented the scene of the crime.
We agree with the trial judge that the foundation was sufficient and that photographs were relevant demonstrative ' evidence.
BILL OF EXCEPTIONS NO. 12:

Ruling Upon Qualifications of Expert.

The State offered F.B.I. Agent Frederick P. Smith as an expert witness. After interrogating him as to his qualifications and experience, the State tendered him' to opposing counsel, who then cross-examined him as to his qualifications. Thereafter, the court ruled that he was an expert in firearms identification.
*97 Defense counsel reserved a bill of exceptions to the ruling, based upon the ground the judge commented upon the evidence in making his ruling. The competency of a witness to testify as an expert is a question of fact for the court. LSA-R.S. 15:466; State v. Dowdy, 217 La. 773, 47 So.2d 496.
The judge assigned brief reasons for his ruling. His reasons dealt only with the competency of the witness as an expert. These reasons do not represent a comment upon the facts of the case.
In our opinion, the bill of exceptions lacks merit.
BILL OF EXCEPTIONS NO. 13:

Defendants Inculpatory Statement.

F.B.I. Agent William S. Field, a State witness, testified as follows concerning an inculpatory statement of defendant.
“Q. Did he make any other comments at that time?
“A. Regarding the weapon?
“Q. Yes, sir, or regarding Baton Rouge ?
“A. Yes, sir, he did.
“Q. What did he say?
“A. He said that he had been watching that grocery store; he knew that they had a lot of money, and he says the man grabbed for my gun, and then he said he didn’t want to make any further statements concerning it. He also made another statement concerning it. He said that when he went into the grocery store there was no one in there, no'customers, but before he left other customers came in.”
Defense counsel objected, because the witness did not specifically identify the grocery store referred to in the statement. The trial judge overruled the objection.
The ruling was correct. The witness presented the statement as given to him by the defendant. The witness, of course, was subject to further examination by both the State and defense.
BILL OF EXCEPTIONS NO. 14:

Denial of Defense Request to Have Jury Visit the Scene of Crime.

Near the end of the trial, defense counsel moved that the jury be taken to view the scene of the crime. The -judge overruled the motion and the trial continued.
Taking the jury to view the scene of the crime is a matter that addresses itself to the sound discretion of the trial judge.
The rule applicable here is correctly set forth in 53 Am.Jur., Trial § 442, p. 350, as follows:
“The rule generally recognized and applied is that the granting or denying *99 of an order for a view of the premises, upon application by a party, rests in the sound discretion of the court both in criminal and civil cases, and its action in this regard will rarely be disturbed, especially, in case of a refusal, where there has been a change in the conditions since the cause of action arose or the crime was committed. A court is not bound to allow a view merely because both parties request it or consent to it. And it has been declared that a view should not be granted unless it appears to be reasonably certain or the court is satisfied that it will be some aid to the jury in reaching their verdict, and further, that it is distinctly impracticable and inefficient to present the material elements to them by photographs, diagrams, maps, measurements, and the like.”
Under the circumstances of the present case, we find no abuse of discretion.
BILL OF EXCEPTIONS NO. 15:

Sustaining State’s Objection to Defense Evidence.

Defendant’s mother appeared as a defense witness. At one point, she stated that the father was "mean” to defendant during his childhood.
The defense then asked what she meant by this testimony, introducing the fact that defendant’s father had often beat him.
At this point, the district attorney objected, stating: “I want to object to going into detail about an issue that is alien to this trial.” The trial judge sustained the objection.
This line of testimony, of course, was irrelevant to the issues of the case. In our opinion, the trial judge correctly excluded it.
BILL OF EXCEPTIONS NO. 16:

State’s Closing Argument.

In his closing argument, the district attorney said:
“It may be said that this defendant is a young man, however, the law has designated that he is of the age of responsibility, as a matter of fact our law designates fifteen years of age and over as the age of responsibility for murder. You may see that he is well above the age of responsibility with reference to murder.”
At this point, defense counsel objected, stating that it was error for the district attorney to discuss the law in its closing argument to the jury. He further stated: “[T]he state must, cite its law in the opening argument.” The trial judge overruled the objection.
In his brief, defense counsel also suggests that the district attorney cannot argue any law that has not been argued by the defense in its closing argument.
*101 The ruling' of. the trial judge was correct. The law applicable at the time of the trial was set forth in LSA-R.S. IS :381, which provided:
“Counsel may argue to the jury both the law and the evidence of the case, but must confine themselves to matters as to which evidence has been received, or of which judicial cognizance is taken, and to the law applicable to the evidence; and counsel shall refrain from any appeal to prejudice.”
Under the above article, the district attorney is entitled to argue both the law and evidence to the jury. See State v. Stahl, 236 La. 362, 107 So.2d 670.
BILLS OF EXCEPTIONS NO.
17 and 18: Overruling of the Motion, for a New Trial.
Defendant reserved these bills to the overruling of the motion for a new trial. The motion largely reiterated the objections in the bills of exceptions previously discussed. The motion raises no questions warranting further elaboration. Our review of this case convinces us that the defendant received a fair trial within the framework of our constitutional safeguards.
For the reasons assigned, the conviction and sentence are affirmed.
TATE, J., concurs in the result disposing of Bill No. 5, but otherwise joins fully in the majority opinion; he joins in the concurring opinion of DIXON, J.

. The trial judge refused to sign the documents labelled Bills of Exceptions Nos. 3 and 4 on the ground that, as shown by the transcript, no such bills were reserved. Defense counsel concedes that the record reflects no reservations. In capital cases, Article 844 of the Louisiana Code of Criminal Procedure relaxes the requirement of a formal hill of exceptions to this extent: “[T]he appellate court, to promote the ends of justice, may consider bills that have not been timely signed *89 by the judge.” See also State v. Harrell, 228 La. 434, 82 So.2d 701. This provision, of course, does not obviate the necessity of reserving a bill of exceptions at the trial. When no bill is reserved at the trial, the defendant acquiesces in the ruling and waives any objection to it under the explicit provisions of Article 841, LSA-O.Or.P. Hence, the questions raised in these documents are not before the court.

. Prior to that time, defendant was represented by other attorneys.