283 So.2d 197 (1973)
STATE of Louisiana
v.
Richard L. HOWARD.
No. 53478.
Supreme Court of Louisiana.
September 24, 1973.
Samuel H. Collins, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The defendant, Richard L. Howard, was convicted of the armed robbery of Donald Guarino, an insurance collector. He was sentenced to 35 years in Louisiana State *198 Penitentiary. He appeals his conviction and sentence, relying upon eight bills of exceptions.

BILL OF EXCEPTIONS NO. 1
The Guarino robbery took place on February 16, 1971. On February 19, 1971, in the course of investigating an unrelated offense, the police secured a search warrant for Howard's apartment. The police arrested Howard while executing the warrant and secured evidence implicating him in the Guarino robbery.
The search warrant was issued in partial reliance upon information furnished by a confidential informant. The defense perfected bill of exceptions No. 1 when the state refused to disclose the informant's identity during the hearing on defendant's motion to suppress.
The police are privileged to withhold the name of an informer absent exceptional circumstances which make disclosure essential to the prevention of an injustice. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Pagnotta, 253 La. 770, 220 So.2d 69 (1969). Here, exceptional circumstances were neither alleged nor shown. See U. S. v. Barnett, 418 F.2d 309 (6th Cir. 1969).
The bill is without merit.

BILL OF EXCEPTIONS NO. 2
Three days after the robbery the police asked the victim, Guarino, to identify his assailant from a group of six or seven photographs. Guarino identified Howard. Guarino's testimony is that he was "not positive" but "fairly certain."
About a week later the police arranged a line-up composed of the defendant and five other persons. At this line-up, Guarino positively identified Howard, as he did at trial.
Bill of Exceptions No. 2, reserved at the hearing on the motion to suppress the identification, challenges the identification as being impermissibly suggestive.
The defense neither charges nor demonstrates that the defendant was the only common participant in the line-up and photographic identification and the record is silent on the issue. Both the photographic identification and line-up were fairly conducted. In view of this we find that the bill is without merit.

BILLS OF EXCEPTIONS NOS. 3, 5 and 7
The defense presents these three bills as a unit.
In the execution of the search warrant, a police sergeant found a 16-gauge sawed-off shotgun. When Howard saw the weapon had been discovered, he made several spontaneous admissions of guilt. The admissions were volunteered and given well after his Miranda rights had been explained. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
These three bills were reserved when defendant's motion to suppress the inculpatory statements was overruled and, later, when the statements were admitted at trial.
No charge of duress or coercion is made and the trial court found, as a fact, that the statements were freely and voluntarily given after the Miranda warnings. The defendant having introduced no evidence to refute either of these findings, the ruling of the court will be upheld. LSA-R.S. 15:451; Miranda v. Arizona, supra; State v. Whitsell, 262 La. 165, 262 So.2d 509 (1972).
In proving the inculpatory statements, the District Attorney asked a police detective if the defendant had made any statements "as to the robbery of one Donald Guarino." In replying to this question, the detective initially stated: "After he admitted having pulled several armed robberies...."
*199 The defendant contends that the reference to other robberies violates the rule of State v. Prieur, La., 277 So.2d 126 (1973).
We think not. It is well-established that unsolicited and unresponsive testimony cannot be charged against the State to provide a ground for reversal of a conviction. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971); State v. Callihan, 257 La. 298, 242 So.2d 521 (1970); State v. Arena, 254 La. 358, 223 So.2d 832 (1969).
Clearly, the contested testimony was unresponsive to the question, the District Attorney having restricted his question to statements about the robbery for which defendant was then being tried.
We conclude that Bills of Exceptions Nos. 3, 5 and 7 are without merit.

BILLS OF EXCEPTIONS NOS. 4 and 8
These bills were reserved in response to the introduction of the shotgun and a white handkerchief into evidence.
The record reflects that the identification of these articles by the police, as being those found at the defendant's apartment, coupled with the victim's identification of them as being like those used in the robbery provides a foundation for introduction. No other ground for rejecting the evidence has been established.
These bills, therefore, are without merit.

BILL OF EXCEPTIONS NO. 6
This bill was taken after a mistrial was denied. The motion for mistrial was made when one of the arresting officers stated that "We were in the process of executing a search warrant for that residence, attempting to effect the arrest of a subject wanted by the police department for armed robbery by the name of Howard."
An order of mistrial lies within the sound discretion of the trial judge and is authorized only where the defendant has been unfairly prejudiced. State v. Jones, 263 La. 1012, 270 So.2d 489 (1972); State v. Clouatre, 262 La. 651, 264 So.2d 595 (1972); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971).
The defendant in this case was on trial specifically as a result of the execution of the warrant. The jury was fully aware of the warrant's existence and against whom it was directed. The trial judge correctly concluded that defendant sustained no prejudice.
The bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents.