323 So.2d 770 (1975)
STATE of Louisiana
v.
Doyle LUNEAU.
No. 56771.
Supreme Court of Louisiana.
December 8, 1975.
J. Michael Small, Gravel, Roy & Burnes, Alexandria, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ronald C. Martin, Dist. Atty., R. Raymond Arthur, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Doyle Luneau, charged with possession of marijuana with intent to distribute, was convicted of possession of marijuana, a violation of LSA-R.S. 40:966. The trial judge sentenced defendant to pay a fine of five hundred dollars and to serve six months in the parish jail, provided that the jail sentence was to be suspended upon the payment of fine and costs. Additionally, defendant was placed on probation for one year.
Possession of Marijuana, the crime of which defendant was convicted is a misdemeanor. The sentence imposed is such that the case is not appealable. See LSA-Const. *771 (1974) Art. 5, § 5(D). However, under our rules, we are authorized to treat the appeal as a writ application. See Rule 1, § 10, Rules of the Supreme Court of Louisiana (effective January 1, 1974). We shall do so.
Assignment of Error No. 2 having been abandoned during oral argument, defendant relies upon the two remaining assignments of error.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. He contends that the affidavit upon which it was issued was insufficient.
The affidavit reads as follows:
"APPLICATION FOR AND SWORN PROOF OF PROBABLE CAUSE FOR THE ISSUANCE OF A SEARCH WARRANT HEREIN
"PERSONALLY CAME AND APPEARED BEFORE ME, the undersigned judge of the 10th Jud. Court, Parish of Natchitoches, State of Louisiana, Robert Self, of the Natchitoches Parish Sheriff's Office, who, upon being duly by me sworn, depose(s) and say(s):
"THAT A SEARCH WARRANT SHOULD BE ISSUED FOR THE SEARCH OF a blue over white trailer, located the next to the last trailer on Cane River Ave., Cooper's Trailer Park. This trailer being occupied by two white males, one being Mark Nyvall.

"FOR THE FOLLOWING REASONS:
"Nyvall has been observed often in the company of known drug pushers and users. This subject has also been observed frequenting places where illicit drug activities have been performed.
"INFORMANT # 1 states that Nyvall has, for quite some time, been involved in distribution of drugs. This Informant has been very effective and accurate in past drug case investigations.
"INFORMANT # 2 states that Nyvall will have Marijuana in his trailer for sale some time Wednesday evening, but he is not sure how much he will have.
"INFORMANT # 3 states that Nyvall approached him today to buy some Marijuana. This Informant states that he has seen this Marijuana in this trailer on Cane River Ave., Cooper's Trailer Park. This Informant has supplied information that has led to previous drug arrests."
Article 162 of the Louisiana Code of Criminal Procedure sets forth the requirements for issuing a search warrant:
"A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
"A search warrant shall include a reasonable description of the things to be seized. When a warrant authorizes the search of a place, it shall designate the place to be searched. When a warrant authorizes the search of a person, it shall name or describe the person to be searched."
We agree with defendant's argument that a magistratenot the affiant must determine probable cause for issuing a warrant, and that the affidavit must contain specific facts to support a determination of probable cause. LSA-C.Cr.P. Art. 162; State v. Paciera, La., 290 So.2d 681 (1974); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Nathanson v. U. S., 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933).
*772 We are also aware of the United States Supreme Court's pronouncement in U. S. v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965):
"... the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law leadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting."
See also, U. S. v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), and Jones v. U. S., 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
In the present case, the affidavit was made by Deputy Sheriff Robert Self, head of the Narcotics Squad in Natchitoches Parish. His competence and reliability were known to the district judge. Deputy Self attested to information received from three informants, two of whom had furnished reliable information in the past. The information was to the effect that marijuana was being distributed by one Nyvall, who occupied a described trailer with another unnamed man. One informant stated that he had seen marijuana in the trailer. Another stated that there would be marijuana in the trailer "some time Wednesday evening." Only later was it ascertained that the second man in the trailer was the defendant Luneau.
In our opinion, the factual information in the affidavit is sufficiently specific to support the issuance of a search warrant. See State v. Paciera, supra.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial court erred in allowing Deputy Self, over timely objection to testify regarding the manner in which marijuana is imported into the United States, the manner in which it is subdivided, and the manner in which it is sold.
Defendant contends that the reference, in the following testimony by Deputy Self, to marijuana commonly being shipped in from Mexico is irrelevant and excessively inflammatory:
"Q. How does marijuana normally come into this area? In what form?
"A. Marijuana usually comes into this country, and into this area, if it is brought in by a supplier, in a kilo, which is 2.2 pounds. This is a common weight used by dealers...
"MR. SMALL: Your Honor, I am going to object to that, because there is nothing in the trial to support the relevancy of that type evidence.
"THE COURT: Objection overruled.
"MR. SMALL: To which ruling I would object.
"WITNESS: (Continuing)
"A. It is commonly shipped in from Mexico and foreign countries in what we refer to as a brick. It appears as a brick. It is 2.2 pounds, in an oblong shape, pressed, formed *773 almost into a solid 2.2 pounds. This is carried in, broken up, crumbled, and then it is broken into one ounce quantities and placed into plastic bags and rolled up. This is commonly called a lid. Then it is sold to the users, the people who buy it."
[Defense counsel did not renew his objection.]
At the trial, one of the factual issues was whether the marijuana was possessed with the intent to distribute. (Ultimately, the verdict returned was simple possession.) Testimony established that the law enforcement officers found thirty-eight one-lid plastic bags of marijuana at the trailer. The purpose of the foregoing expert testimony was to show that the marijuana was subdivided for sale in accordance with the prevailing practice.
The question to which defense counsel objected (In what form does marijuana come into this area?) was relevant and admissible. That it came in a 2.2 pound brick, but was in one ounce plastic bags when seized is circumstantial evidence of the intent to distribute. Intent "may be inferred from the circumstances of the transaction." LSA-R.S. 15:445; State v. Triplett, La., 285 So.2d 532 (1973).
The reference to the foreign source of marijuana was not responsive to the District Attorney's question. This information was apparently volunteered by the witness. That portion of the testimony was inadmissible. It is well established, however, that unresponsive or volunteered testimony is not chargeable against the State as a basis for upsetting a conviction. State v. Howard, La., 283 So.2d 197 (1973); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Graves, 259 La. 526, 250 So.2d 727 (1971); State v. Donaldson, 238 La. 265, 115 So.2d 345 (1959).
In the event, however, that the admission of the evidence is chargeable against the State, the error is insufficient on the basis of the record as a whole to warrant a reversal of the conviction. The defendant was convicted, not of possession with the intent to distribute, but of simple possession. In our opinion, the error complained of resulted in no miscarriage of justice, nor did it prejudice the substantial rights of the defendant. See LSA-C.Cr.P. Art. 921.
Assignment of Error No. 3 is without merit.
For the reasons assigned, the application for writs is denied.
TATE, J., dissents and assigns reasons.
DIXON, J., concurs in the writ denial.
CALOGERO, J., concurs.
TATE, Justice (dissenting).
I respectfully dissent. The second-hand hearsay information set forth by the affidavit did not meet the constitutional standards of reliability required before a warrant may be issued to search a home.
So far as I know, until this case no court has held that the reliability of the affiant, the esteemed deputy sheriff in this instance, satisfies the constitutional requirement that second-hand hearsay reports (anonymous insofar as the magistrate to whom the application for a search warrant is presented) demonstrate on their face both the reliability of the information contained and the reliability of the informants. See State v. Paciera, La., 290 So.2d 681 (1974).
In the present instance, permission was sought to search a residence on a given *774 evening. The affidavit of the deputy informed the magistrate (1) that one of the occupants of the residence had frequently been in the company of drug users and had frequented places where illicit drug activities were concerned (Informant # 1, identified as accurate on the basis of past performance) and (2) that the occupant had approached an informant today "to buy" some marijuana (and that, in the past, the informant has seen marijuana in this residence), (Informant # 2, also identified as reliable on the basis of past performance). (It seems conceded by all except the majority opinion that the information given by informant # 2 cannot be accepted; for the basis for his information and his reliability is not shownmere conjecture and gossip by an anonymous tipster does not justify the invasion of a home.)
The circumstance that a given person had hung around with drug users and that he had sought today to buy some marijuana does not constitute probable cause to search his home on the possibility that he might have bought some and might have it at his home.
The fundamental constitutional protection of homes against arbitrary searches and seizures is too important to permit gossip and conjecture to serve as a basis, or mere suspicion even by reliable police officers as the present affiant.
The bill of individual rights must be enforced even against well-intentioned officers of government. Its very purpose is to limit the power of any governmental official to, among other things, conduct unreasonable searches of the homes of the people of our state and nation. The courts cannot distinguish between unconstitutional searches by well-intentioned officers and those by officials who deliberately ignore constitutional mandates. In either event, the unconstitutional search must be disallowed.