332 So.2d 752 (1976)
STATE of Louisiana
v.
Glenn DEMOURELLE.
No. 57324.
Supreme Court of Louisiana.
May 17, 1976.
Rehearing Denied June 18, 1976.
John J. Dolan, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
*753 SUMMERS, Justice.
Glenn Demourelle was charged by bill of information filed on March 6, 1975 with the armed robbery of Sheldon Prevou on September 12, 1974. At a jury trial held on June 4, 1975, Demourelle was convicted and sentenced as a multiple offender to serve fifty years at hard labor. Two bills of exceptions are relied upon in this appeal.
BILL 1.
This bill was reserved when defense counsel moved for a mistrial and the motion was denied.
The victim of this robbery, Prevou, testified for the State on direct examination. He said that about 11:20 on the night of September 12, 1974 five Negroes came into his bar on Dauphine Street in the City of New Orleans. They entered separately and all were masked and armed-two with knives, two with hand guns and one with a shotgun.
On cross-examination by defense counsel this exchange occurred:
"Q. The man who had a shotgun, who is he? Did you see him in Court today?
A. No, sir.
Q. He is not in Court?
A. He has been convicted already."
At that time defense counsel moved for a mistrial on the basis of the witness' last answer. The trial judge instructed the jury to disregard the witness' last statement and denied the motion for a mistrial.
Defense counsel relies upon Article 770 of the Code of Criminal Procedure.[1] This article does not support his contention. It makes a mistrial mandatory when a prejudicial remark or comment is made within the hearing of the jury by the judge, district attorney, or a court official during trial or in argument. This did not occur here. The response to the defense question was by the victim of the robbery, a State witness on cross-examination by defense counsel.
In addition, the remark is not a reference to another crime committed or alleged to have been committed by the defendant as to which evidence was not admissible. Instead, the remark refers to a crime committed by one of the defendant's accomplices. Prevou's remark, therefore, was completely outside the scope of Article 770. Consequently the remark forms no basis for a mistrial.
The rule is well established in this State and elsewhere that testimony for which the State is not responsible provides no ground for upsetting a criminal conviction. State v. Johnson, 261 La. 620, 260 So.2d 645 (1972), cert, denied, 409 U.S. 1085, 93 S.Ct. 691, 34 L.Ed.2d 672 (1972); State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971).

*754 BILL 2.
This bill relates to the denial of the motion to suppress a confession made by defendant. It is the defense contention that the confession was not voluntary for it was obtained through force and intimidation in violation of constitutional rights guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.
On the night of the robbery defendant was brought to the detective bureau. He was advised of his rights and signed the rights of arrestee form. He was advised that he had a right to call an attorney. He remained at the detective bureau until 3 o'clock the next morning, during which time, he testified, he was beaten and brutalized by the police officers and, for this reason, made the statement in question.
In response to a request by defense attorney, all of the officers who had any contact whatsoever with the defendant during the time period in question were brought into the courtroom for viewing by defendant. At first defendant identified Officer Ward and Sergeant Martin as the officers who mistreated him. Later, however, he changed his story and indicated a shorter policeman had beaten him.
All of the police officers who had contact with the defendant testified and categorically denied that defendant had been brutalized, had complained of mistreatment or bore any signs of injury. They testified, to the contrary, that defendant desired to make a statement in the hope that it would help him even though no promises were made by them.
Defendant contacted an attorney who saw him on September 14 and who was with him when he was brought before the magistrate on September 16. Neither mentioned the mistreatment, and there were no signs of injury at the time. There is no evidence to support defendant's claims of mistreatment and no evidence except defendant's uncorroborated, and contradicted, testimony is before the Court.
Before a confession or inculpatory statement can be introduced into evidence in a criminal trial in Louisiana, the State must affirmatively show that the confession or statement was voluntarily given, and was not obtained through fear, duress, intimidation, menaces, threats, inducements or promises. La.Const. art. I, § 11 (1921); La.R.S. 15:451-15:452; La. Code Crim.Pro. art. 703. In addition, since the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) the State must establish that prior to any custodial interrogation the accused was informed that he had the right to remain silent, that anything he might say would be used against him, that he had the right to an attorney and if he could not afford an attorney one would be appointed free of charge.
Other principles relevant here recognize that the question of the admissibility in evidence of a confession is for the trial judge; its weight is for the jury; and the conclusion of the trial judge regarding the voluntariness of a confession is a question of fact which will not be overturned on appeal unless it is not supported by the evidence. State v. Whatley, 320 So.2d 123 (La.1975); State v. Sims, 310 So.2d 587 (La.1975); State v. Vessel, 260 La. 301, 256 So.2d 96 (1971); State v. Cripps, 259 La. 403, 250 So.2d 382 (1971).
Upon these principles, we hold that defendant's Bill 2 has no merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] La.Code Crim.Pro. art. 770 provides:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendent in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.