380 So.2d 1347 (1980)
STATE of Louisiana
v.
Roger C. GORDY.
No. 65288.
Supreme Court of Louisiana.
January 28, 1980.
*1350 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Howat A. Peters, Jr., Dist. Atty. ad hoc, Vernon Parish, 30th Judicial Dist., for plaintiff-appellee.
Mark H. Kramar, Leesville, for defendant-appellant.
DIXON, Justice.
The defendant was charged by bill of information with distribution of methamphetamine in violation of R.S. 40:967(A). The charge arose out of an incident in which the defendant met two other men in *1351 a Leesville bar on July 14, 1978. One of the men was an undercover police officer and the other was a paid police informer. The officer, according to his own testimony, purchased one gram of methamphetamine from the defendant. The defendant was subsequently arrested and convicted by a twelve man jury. He was sentenced to serve nine years at hard labor, and fined $1000 (with an additional nine month sentence if he failed to pay the fine within one year). The defendant has appealed to this court urging fourteen assignments of error, three of which have been abandoned.

Assignment of Error No. 1
By this assignment the defendant argues that the trial court erred in not declaring a mistrial because of the state's introduction of evidence which the defendant claims relates to crimes other than the one for which the defendant was on trial. In State v. Prieur, 277 So.2d 126 (La.1973), we held that the state must give the defendant notice when it intends to introduce such evidence of other crimes and that such evidence can only be used to show system, intent or knowledge as contemplated by R.S. 15:445-6. The defendant notes six instances in which he claims statements or exhibits were admitted which amounted to evidence of other crimes.
First, the defendant points to three incidents which could have indicated to the jury that there was more than one item of evidence seized and examined by police in this case. Two witnesses referred to the existence of two items of evidence. In addition, a receipt for evidence was partially covered to conceal information as to part of the evidence received. Full testimony was taken only as to the evidence which formed the basis for this prosecution. There was no indication in the testimony as to the nature of the second item of evidence, and there was no evidence that the second item was connected with any criminal activity. The testimony of the witnesses and the receipt were relevant to show the nature of the substance that the defendant sold to the police officer and to establish the chain of custody of that substance. The oral references to the possible existence of other evidence were inadvertent and were cut short before the nature of the second item of evidence was disclosed. After a review of the record, we conclude that neither the testimony of the witnesses nor the receipt conveyed the impression that the defendant had committed other crimes.
The next point of contention is the admission of a summons issued by the state for a witness who failed to appear at trial. The summons was issued for Kenny Willis, who had been present in the bar when the sale took place. The summons had two case numbers and two dates on it. The trial court ordered the covering of both dates and of the number not applicable to this case. The summons was relevant to show that the state had attempted to obtain the witness' testimony, and to negate any inference that the witness would have testified against the state. The tape used to cover the omitted information, though prominent, gives no indication of the nature of the material covered nor does it even clearly indicate that anything was being kept from the jury. There was nothing about the summons from which a juror could have inferred that the defendant had committed another crime.
The next incident involves a question posed by the state to a criminologist as to the value of one ounce of methamphetamine. This case involved the sale of one gram of the substance. The defendant did not object to the question or the answer to it, which was simply, "Twenty-six times that. Whatever that would be." Under C.Cr.P. 841 an irregularity or error at trial cannot be availed of after verdict unless the party makes known his objection and the grounds for it. State v. Kelly, 375 So.2d 1344 (La.1979); State v. Hysell, 364 So.2d 1300 (La.1978). In any event, there was no suggestion that the defendant had ever sold any other drug besides that involved in this case. The testimony did not constitute evidence of another crime.
*1352 Finally, the defendant argues that the district attorney made reference to other crimes when he commented in closing argument upon the profits that could come from the large scale sale of methamphetamine. As the trial court instructed the jury, the arguments of counsel are not evidence. The comments of a prosecutor may amount to grounds for a mistrial under C.Cr.P. 770. In the present case the comments of the district attorney refer to criminal activity and the profits attendant thereof, but there was no allegation that the defendant had sold any drugs aside from those involved in this case. In any event, the defendant failed to move for a mistrial. He must therefore be content with the trial court's admonition that there is no indication that there was any incident involving this defendant.
This assignment of error lacks merit.

Assignments of Error Nos. 2 and 4
By these assignments the defendant challenges the admission of the methamphetamine allegedly sold by the defendant, and of the receipt of the evidence package containing the drug.
As noted in State v. Paster, 373 So.2d 170, 177 (La.1979):
"To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. For the admission of demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is relevant to the case. Lack of positive identification goes to the weight of the evidence rather than to its admissibility. Ultimately, connexity if a factual matter for determination by the trier of fact. State v. Drew, 360 So.2d 500 (La.1978)."
In this case the testimony of the officer who purchased the drug, the officer who transported it to the crime lab and the chemist who identified it as methamphetamine established more probably than not that the substance introduced was the one involved in the sale.
The admission of the receipt, already dealt with in Assignment No. 1, was not an abuse of the trial court's discretion, although it may have worked some prejudice on the defendant, in light of the fact that the receipt was highly relevant in establishing the chain of custody which the defendant was contesting.
We find no merit in these assignments of error.

Assignments of Error Nos. 5 and 6
The defendant filed two motions to have the trial judge recused. The trial court denied both motions without referring the motions to another judge for a hearing. The defendant assigns error to the trial court's action.
The defendant's first motion alleged that the trial judge should recuse himself because he had represented the defendant in a criminal matter some ten years ago, and because the trial judge had made comments in court that "left the Defendant with the distinct impression that the Honorable Ted R. Broyles would not be completely impartial towards the Defendant." The second motion repeated the allegations of the first and expanded the defendant's allegation as to the judge's comments to claim that the trial judge had stated, to the best of the defendant's recollection, "Your face is getting pretty familiar around here and we're getting tired of looking at it." The defendant also asserted in his second motion that a state police officer had told the defendant that if he appeared before Honorable Ted Broyles that the judge would see to it that the defendant would be convicted and "put away for the maximum that the law would allow." The defendant concluded that for these reasons and "others to be shown at a hearing" the trial judge would be unable to conduct the trial in a fair and impartial manner.
*1353 The defendant argues that the allegations are such that, if proved, recusation would be required under C.Cr.P. 671, which provides in part:
"In a criminal case, a judge of any court, trial or appellate, shall be recused when he:
(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;
. . . . .
(6) Would be unable, for any other reason, to conduct a fair and impartial trial."
C.Cr.P. 674 provides in part:
"... If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675."
The provision that a judge may be recused because of bias or prejudice was introduced in the Code of Criminal Procedure in order to further the policy that courts should avoid even the appearance of partiality. See the Official Revision Comment for C.Cr.P. 671. The bias or prejudice must be of a substantial nature, however. State v. Qualls, 377 So.2d 293 (La.1979); State v. Maduell, 326 So.2d 820 (La.1976); Official Revision Comment for C.Cr.P. 671. In State v. Lukefahr, 363 So.2d 661, 663 (La.1978), we stated:
"A motion to recuse a trial judge must be based on more than mere general conclusory allegations. State v. Bell, 346 So.2d 1090 (La.1977); State v. Maduell, 326 So.2d 820 (La.1976); State v. Collins, 288 So.2d 602 (La.1974). If the motion, on its face, does not show grounds to recuse even if the allegations are proved, the trial judge may overrule the motion without referring it to another judge. La.C. Cr.P. art. 674; State v. Bell and State v. Collins, cited above."
In the present case the defendant made no specific factual allegations that would warrant the recusal of the trial judge. Although the defendant quotes a statement of the state police officer that might indicate that the judge was prejudiced, there was no showing that the officer's statement intended to reflect a pretrial opinion of the judge. The statement merely reflected the officer's opinion of what might occur, and does not support a conclusion that the judge should have been recused. Nor does the allegation that the defendant was left with the impression that the judge was not impartial warrant recusation. Such a claim is merely conclusory and does not present any factual basis for the motion. The statement that the trial judge was tired of coming into contact with the defendant, made during the proceeding to appoint counsel for the defendant, is not evidence of the substantial bias or prejudice required for recusation.
In State v. Arena, 254 La. 358, 223 So.2d 832 (1969), we rejected the contention that the mere fact that the trial judge had previously been employed by the defendant was grounds for recusation. In this case there was no explanation by the defendant to support his contention that the prior employment would prejudice the judge against him. There is no intimation that the trial judge had received any confidential information as to the defendant or that he had in any way developed a bias against the defendant as a result of the employment.
In addition, the bare assertion that there are other reasons that the judge should be recused is a mere conclusion unsupported by facts. Such a conclusion will not support recusal. Therefore, the defendant's motion to recuse failed to present factual allegations that would, if proved, amount to substantial bias or prejudice on the part of the trial judge.
These assignments are without merit.

Assignment of Error No. 8
The defendant assigns as error the trial court's denial of a motion for a continuance, filed prior to trial, requested because of the absence of a witness, Mike McKinley, who had been subpoenaed to appear at trial.
*1354 The record indicates that trial was originally set for March 12, 1979. Upon the state's motion the case was reset for April 16; it was later reset for May 14 on motion of the state and by agreement of both parties. On April 11, the defendant obtained an order for a subpoena for McKinley to appear on April 16. When the time for trial was delayed, the defendant caused another subpoena to issue to the witness. The order was obtained on May 10 and filed on May 11, only three days before the trial was to commence. The subpoena issued in April had been returned marked "Received too late to serve" and "Unable to locate." The subpoena issued in May is not part of the record, and there is no indication of what efforts were made to serve it. In any event, the witness failed to appear at trial, and the defendant moved for a mistrial on that ground.
C.Cr.P. 709 states:
"A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness."
The decision to grant a continuance is placed in the discretion of the trial court. State v. Benson, 368 So.2d 716 (La.1979); State v. English, 367 So.2d 815 (La.1979); State v. Terry, 359 So.2d 172 (La.1978). See C.Cr.P. 712. This court has declined to reverse convictions absent an abuse of that discretion. State v. Durio, 371 So.2d 1158 (La.1979); State v. Benson, supra; State v. English, supra.
We cannot conclude that the trial court abused its discretion in this instance. Even assuming that the defendant's efforts to insure that McKinley would appear at trial amounted to due diligence, and that the defendant's motion sufficiently set forth the facts to which the defendant expected him to testify, there still were no facts alleged in the motion or produced at the hearing on the motion showing a probability that the witness would be available to testify at some later date. The defendant introduced no evidence indicating that future efforts to obtain the presence of the witness would be more fruitful than previous attempts had been. There was no positive statement as to the witness' current whereabouts. There was no indication that he could be found in the future. Therefore, it was not an abuse of the trial court's discretion to find that the defendant had neither alleged nor proved facts establishing the probability that the defendant would be available to testify at some future date.
This assignment lacks merit.

Assignment of Error No. 9
The defendant assigns error to the trial court's refusal to hold a hearing on the defendant's motion for bail after the verdict and before sentencing. On the date the bond hearing was set, the trial judge refused to hear defendant's witnesses on the bail matter and denied bail pending sentence. (Defendant had requested that the sentencing be delayed for a week or ten days).
The court's denial of presentencing bail became moot by the subsequent imposition of sentence. See State v. McCloud, 357 So.2d 1132 (La.1978); State v. Malvo, 357 So.2d 1084 (La.1978); C.Cr.P. 322.
There is no merit in this assignment.

Assignment of Error No. 10
Defendant assigns as error the trial court's denial of a recess or continuance of the hearing on his motion for a new trial because of the absence of a witness.
A continuance is the postponement of a scheduled trial or hearing, and cannot be granted after the hearing is commenced. A recess, on the other hand, is a temporary adjournment of a trial or hearing *1355 after it has commenced. C.Cr.P. 708. In this case no motion for a continuance was made prior to the hearing. Kenny Willis, a witness who had been served, failed to appear; both the state and the defendant requested a recess so that Willis could be attached and brought into court. The trial court indicated its willingness to issue a bench warrant for the witness, but refused to grant a recess. The trial court was influenced by the defendant's failure to file a motion for a continuance prior to the hearing, and by the fact that the parties had been admonished to have their witnesses ready.
As with most matters relating to the conduct of a trial or hearing, the trial court must be granted much discretion in determining whether to grant a recess in order that the proceedings be conducted with dignity and in an orderly and expeditious manner. State v. Humphreys, 319 So.2d 344 (La.1975). A trial court decision will not be overturned absent an abuse of that discretion. State v. Charles, 350 So.2d 595 (La.1977); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Brown, 322 So.2d 211 (La.1975). In this case the defendant presented no compelling reasons to the trial court for the granting of the recess. Unless a compelling reason to grant the recess is shown to the trial judge, we will not find an abuse of discretion.
This assignment of error is without merit.

Assignments of Error Nos. 12 and 13
By these assignments the defendant attacks the sentence imposed by the trial court. He asserts that sentence was based on conjecture and speculation on the part of the trial court and was not supported by facts, and that the sentence was excessive.
The trial court conducted a presentence hearing at which the defendant's probation officer, his mother and a man named Gordy testified. The court also obtained a report from the probation officer relating to the defendant's prior criminal conduct; the court also questioned the defendant.
In State v. Spencer, 374 So.2d 1195, 1202 (La.1979), we stated:
"La.Const. art. 1, § 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review. The trial judge's reasons in imposing sentence, as required by La.Code Crim.P. art. 894.1, are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Gist, 369 So.2d 1339 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). Moreover, the trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Sepulvado, supra."
The record in this case indicates that the trial court took into account the factors listed in C.Cr.P. 894.1 in imposing sentence. Specifically, the court was influenced by the perceived seriousness of the offense, and by the likelihood that the defendant would continue to engage in criminal activity if released on probation. The court also indicated that the defendant may benefit from rehabilitation in a confined environment. The court also noted the possible mitigating factors in the defendant's favor, but found little to recommend probation in that regard. The record indicates that the defendant had an extensive prior criminal record, and was on probation from a conviction for theft of a cow when the offense involved in this case occurred. The record does not show that the trial court abused its discretion in imposing a sentence of nine years and a fine of $1000. Nor did the trial court err in directing that the sentence imposed would run consecutively with any other sentences the defendant was serving. This court has held that, for an offender without prior felony offenses, concurrent rather than consecutive sentences should be imposed unless the defendant posed an unusual risk to the safety of the *1356 public. See State v. Watson, 372 So.2d 1205 (La.1979). In the present case, however, the defendant had a significant prior history of felony conviction. The trial court did not err in imposing consecutive sentences.
These assignments of error lack merit.

Assignment of Error No. 14
By this assignment the defendant argues that we should recognize, as an error patent on the face of the record, error in the trial court's questioning of witnesses. He argues that the questioning amounted to impermissible comment on the evidence by the judge. C.Cr.P. 772 prohibits such comment by the judge in the presence of the jury.
A judge in his discretion may examine a witness to bring out needed facts not elicited by the parties. The judge's questioning must be closely guarded, however, so as to avoid any implied comment on the facts. State v. Nicholas, 359 So.2d 965 (La.1978). In State v. Refuge, 300 So.2d 489 (La.1974), we held that any error of the trial court in commenting on the facts is not an error discoverable from an inspection of the pleadings and proceedings under the judicial interpretation of C.Cr.P. 920. C.Cr.P. 920 has been amended since 1974 to provide that bills of exception need no longer be perfected. The language relative to errors patent, however, is unchanged since State v. Refuge was decided.
This assignment is without merit.
For the reasons assigned, the defendant's conviction and sentence are affirmed.
SUMMERS, J., concurs.