COLE, Judge.
The issue in this case is whether or not the trial court erred in dismissing the plaintiffs suit which alleged defendant gave perjured testimony at the plaintiffs criminal trial, holding that the claim had prescribed.
The sequence of events giving rise to this litigation are as follows. Plaintiff, Billy Wayne Sinclair, was convicted of first degree murder for the killing of a man during the course of an armed robbery which occurred on December 5, 1965. The defendant, Larry K. Sullivan, testified at plaintiffs trial on June 6, 1966. He testified he saw plaintiff the night of the murder between 7:10 and 7:80 P.M. at a restaurant close to the scene of the felony murder. The felony murder occurred at approximately 8:06 P.M.
Alleging that the defendant’s testimony was perjurious and the result of a prosecu-torial conspiracy to have him convicted of a capital crime, the plaintiff brought suit against the defendant for damages under La.Civ.Code art. 2315. The defendant filed the peremptory exception, raising the objections of no cause of action and prescription. The trial court dismissed plaintiffs action as having prescribed.
We have reviewed the trial court’s reasons for judgment,[1] find them articulate, well-reasoned and legally correct. We hereby adopt them as our own. Costs are to be paid by appellant.
AFFIRMED.
BILLY WAYNE SINCLAIR VERSUS LARRY K. SULLIVAN

NUMBER 288,307 DIVISION M 19TH JUDICIAL DISTRICT COURT PARISH OF EAST BATON ROUGE STATE OF LOUISIANA
WRITTEN REASONS FOR JUDGMENT
Plaintiff was convicted of first degree murder for a killing during the armed robbery of a grocery store. State v. Sinclair, 258 La. 84, 245 So.2d 365 (1971) (The Supreme Court opinion, apparently in error reflects the killing was “November 5, 1965,” rather than December 5, 1965, as plaintiff alleges and the police report reflects. 245 So.2d at 366). Under then existing law (La.R.S. 14:30) the sentence upon a conviction for the killing of a person “when the offender is engaged in the perpetration of an armed robbery (even though he had not intended to kill) was death.” The death penalty was imposed but later vacated in light of intervening U.S. Supreme Court decisions. State v. Sinclair, 263 La. 377, 268 So.2d 514 (1972).
Plaintiff admits killing the victim, during an armed robbery. (See Plaintiff’s “Answers to Interrogations”) He, however, contends that “the defendant’s testimony contributed to the jury returning a verdict of “guilty as charged” against the plaintiff.” (Petition, para. 14). More specifically, he contends that the defendant’s testimony regarding the time at which the petitioner left the defendant’s restaurant was intentionally false or perjured. Further he contends he was damaged because he was sentenced to death row and speculates that the testimony has injured his chances of obtaining a wholly-discretionary gubernatorial pardon or clemancy. See 1974 La. Const. Art. 4 Section 5E.
The allegation of intentional misrepresentation is predicated upon the plaintiff obtaining a copy of an “Offense Report”, allegedly in March 1980. The report (made a part of the petition) was obviously retyped from notes of several officers and reflects that Mr. Sullivan told the investigating officer that he saw Sinclair between “approximately” 7:10 to 7:30. (Petition p. 2). The report reflects the statements *38 «were made at Mr. Sullivan’s place of business on December 8, 1965, three days after the killing.
While this court, if necessary, would without hesitation rule that the plaintiff has failed to state a cause of action, such is not necessary for a resolution of this matter. Cf. Restatement of Torts 2d 588 (and comments thereunder). Merritt-Chapman & Scott Corp. v. Elgin Coal, Inc., 358 F.Supp. 17, 22 (1972) affirmed without opinion 477 F.2d 598 (6 Cir.1973); Martirano v. Frost, 25 N.Y.2d 505, 307 N.Y.S.2d 425, 255 N.E.2d 693 (N.Y.1969); La.R.S. 14:50(2); Immunity of Witness From Suit Due to Their Testimony, 13 La.L.Rev. 280; Briscoe v. LaHue, - U.S. -, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).
Plaintiff has cited no Louisiana case which supports this far-fetched claim. He admits that habeas corpus relief previously was denied on the ground asserted here (Memorandum in Support of Traverse To The Commissioner’s Report, p. 3), State ex rel. Sinclair v. Blackburn, 385 So.2d 1213 (1980).
The nature of the allegations, including that these statements were made in open court, in plaintiff’s presence and were innately of such a nature that plaintiff immediately knew they were false (if they were false) preclude any justification for considering the later “discovery” in the offense report. If defendant’s statements were false, plaintiff knew that at the time of the trial (June, 1966) as he affirmatively alleges in Article 16 of his petition that he was not even in the Chicken Diner on the night of December 5, 1965. Ignorance of the alleged facts is not present. Additionally, at least by the time of the affirmation of the jury's verdict and the death penalty by the Louisiana Supreme Court (rehearing denied March 29, 1971) any alleged harm that could have accrued to the plaintiff had accrued with his knowledge. See e.g. Youngblood v. Dettenheim, 352 So.2d 265 (2nd Cir.1977).
Civil Code Article 3536 provides a one-year prescriptive period for “injurous words.” Article 3537 states clearly that the prescription commences to run from the day “on which the injurous words, disturbance or damages were sustained.”
Allowing plaintiff the most beneficial interpretation of applicable prescription principles (which no equities indicate he deserves), liberative prescription began to run no later than March 29, 1971, when the death penalty was affirmed by the Louisiana Supreme Court. The alleged claim had long prescribed before the filing of this action on August 3, 1980.
Accordingly, written judgment will be signed dismissing this action at plaintiff’s costs.
March 22, 1983.
/s/ Charles Win. Roberts _ JUDGE, 19TH JUDICIAL DISTRICT COURT
FILED MAR 22 1983
Patricia Kennedy DY. CLERK OF COURT
I hereby certify that on this day a notice of the written reasons for judgment above judgement was mailed by me, with sufficient
postage affixed to: Billy Wayne Sinclair-Gerald E. Keifer
Done and signed on March 23,1983
Patricia Kennedy Deputy Clerk of Court

. The trial court’s reasons are attached hereto and made part hereof.