352 So.2d 265 (1977)
Carl E. YOUNGBLOOD, Plaintiff-Appellant,
v.
Edward N. DETTENHEIM, Defendant-Appellee.
No. 13358.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1977.
Rehearing Denied December 5, 1977.
Writ Refused January 30, 1978.
*266 Carl E. Youngblod, in pro. per.
Barham, Adkins & Coleman, Ruston, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied December 5, 1977.
BOLIN, Judge.
Plaintiff brought suit in proper person seeking damages for slander and libel, grounded on the allegation that defendant signed a libelous statement about plaintiff to the Social Security Administration. Defendant filed exceptions of no cause or right of action and one year prescription which the court sustained. Plaintiff appeals; we overrule the exception of no cause of action and remand the case for further consideration of the prescriptive plea.
The issues are: Has plaintiff stated a cause of action for libel and slander? If so, has the action prescribed?
The statement claimed to be defamatory is quoted in plaintiff's amended petition:
In my opinion, Mr. Youngblood may well qualify as totally and permanently mentally disabled, but I do not see how he can be considered physically disabled to such an extent. I think he is intentionally perpetrating fraud.
*267 It is alleged that on December 15, 1972, and again on March 23, 1973, defendant made the statement to the Social Security Administration on a United States Government form which he signed. This statement was alleged to be false, slanderous, and libelous, and to have caused plaintiff mental strain and suspense.
The words, "I think he is intentionally perpetrating fraud" are defamatory on their face, especially since the alleged recipient of the communication was the Social Security Administration from which plaintiff was receiving disability payments. Lucas v. Ludwig, 265 So.2d 245 (La.App. 4th Cir. 1972) and cases cited; see also Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir. 1975). We find plaintiff's petition states a cause of action entitling him to a trial on the merits.
The more difficult issue is that of prescription. Louisiana Civil Code Article 3536 provides that an action for injurious words prescribes in one year. Article 3537 provides that the prescription mentioned in 3536 "runs . . . from [the day] on which the injurious words, disturbances or damage were sustained."
Plaintiff alleged the statement was signed in 1972 and 1973, four years before suit was filed in 1977. If prescription commenced running when the statement was signed, the action had prescribed. However, plaintiff alleged he made every effort possible to obtain copies of the statement but could not until after the effective date of the "Privacy Act of 1975" [5 U.S.C.A. § 552(a) eff. 1975] was passed. Thereafter, on April 5, 1976 plaintiff did receive copies of defendant's signed statement, and suit was filed March 7, 1977, less than a year after receipt of the copies.
The general rule is that where the face of the petition reflects the action has prescribed (as here) plaintiff must allege and prove facts sufficient to show a suspension or interruption of prescription in order to bring the action within the prescriptive period. Hunter v. Sisters of Charity of the Incarnate Word, 236 So.2d 565 (La.App. 1st Cir. 1970).
Plaintiff's allegation that he made every effort possible to obtain copies of the statement but could not; that he filed suit within the year after receipt of the copies, is an apparent attempt to show that he could not bring suit and that prescription did not commence to run until the copies were received.
In order to avoid the harsh results which would in many cases result from a strict construction of the prescription articles, a rule that no prescription runs against a person unable to bring an action has become embedded in the Louisiana jurisprudence. Basically, this rule has been interpreted to mean prescription does not run against one who is ignorant of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his neglect. Dean v. Hercules, Inc., 328 So.2d 69 (La.1976) and cases cited.
The allegation that plaintiff was prevented from obtaining copies of the statement by the then existing protected confidentiality of such statements until passage of the Privacy Act of 1975 is a sufficient allegation that his failure to obtain the copies earlier was not due to his negligence.
From the record it is not clear whether plaintiff had other knowledge of the statement before he received the copies reflecting the defamatory nature of the statement and the identity of the person who signed it. It is also not clear whether the plea of prescription was decided on the pleadings or with the benefit of evidence.
Since plaintiff does not have counsel, justice would be better served by remanding the case for the introduction of any testimony on the question of plaintiff's knowledge of the existence of facts which would entitle him to bring suit against the proper defendant. Dean v. Hercules, supra.
The portion of the judgment sustaining the exception of no cause or right of action is reversed and the exception is overruled; the portion of the judgment sustaining the plea of prescription is set aside and the case *268 is remanded for further proceedings consistent with law and the views expressed herein, assessment of costs to await the termination of the cause.