461 So.2d 539 (1984)
Cecil HOLLEY and Elaine Holley, Plaintiffs-Appellants,
v.
Anthony J. PALERMO, and Palermo Construction Company, Inc., Defendants-Appellees.
No. 84-10.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Rehearing Denied January 15, 1985.
*540 Steven Broussard and Robert L. Collings, Lake Charles, for plaintiffs-appellants.
Daniel K. Rester, Lake Charles, for defendants-appellees.
Before FORET, CUTRER and CULPEPPER[*], JJ.
FORET, Judge.
Plaintiffs, Cecil Holley and Elaine Holley, filed suit against defendants, Anthony J. Palermo and Palermo Construction Company, Inc., for rescission of the sale of the home constructed by defendant corporation or, in the alternative, seeking to recover damages for defendants' breach of a construction contract. Defendant, Anthony J. Palermo, filed a motion for summary judgment asking to be dismissed from the suit. Plaintiffs filed a motion to strike the motion *541 for summary judgment or, in the alternative, the affidavit filed along with it, based on their contention that defendant had failed to answer interrogatories which would have provided information pertinent to his motion for summary judgment. After a hearing on both motions, the trial court overruled plaintiffs' motion to strike and granted defendants' motion for summary judgment, dismissing defendant, Anthony J. Palermo, from the suit without prejudice.
Plaintiffs have appealed the lower court's ruling and presented this Court with two issues:
(1) Whether the court erred in overruling plaintiffs' motion to strike defendants' motion for summary judgment or, in the alternative, the affidavit filed along with it, and;
(2) Whether the court erred in granting defendant, Anthony J. Palermo's, motion for summary judgment, dismissing him from the suit.

FACTS
Plaintiffs, Cecil Holley and Elaine Holley, contracted with defendant corporation, Palermo Construction Company, Inc., for the construction of a home. The home was built and the money due defendant corporation for its work was paid by plaintiffs. More than a year after the completion of the home, defendants began to experience problems with the home due to "settling". These problems included such things as cracks in the slab and walls of the home, detached sheetrock, misaligned doors, and broken bricks. Soon thereafter, plaintiff contacted defendant and defendant made some repairs to the home at no cost to plaintiffs. The problems, however, continued.
On June 3, 1983, plaintiffs filed suit against Anthony J. Palermo and Palermo Construction Company, Inc., seeking either to rescind the sale of the home and to collect damages resulting from that sale or, in the alternative, to collect damages for breach of the construction contract. After some initial exceptions were filed and disposed of, defendant, Anthony J. Palermo, filed a motion for summary judgment asking the court to dismiss him from the suit. Plaintiff responded with a motion to strike defendant's motion for summary judgment or, in the alternative, the affidavit filed along with it. Plaintiffs claimed the defendant had failed to answer two interrogatories put to him and that the answers to these interrogatories would have been pertinent to defendant's motion for summary judgment. The interrogatories had asked for the amount that each contributor had put into the corporation at the time of incorporation and the amount of earnings which were retained within the corporation each year since the business's incorporation.
After a hearing, the court overruled plaintiffs' motion to strike and sustained defendant's motion for summary judgment, dismissing defendant, Anthony J. Palermo, from the suit without prejudice.

PLAINTIFFS' MOTION TO STRIKE
Plaintiffs contend that the trial court erred in overruling their motion to strike. They maintain that defendant had failed to answer certain interrogatories and that the answers to these interrogatories would have been pertinent to his motion for summary judgment. They argue that, as a sanction for defendant's failure to answer these interrogatories, the court should have sustained their motion to strike defendant's motion for summary judgment or, in the alternative, the affidavit filed in support of it.
LSA-C.C.P. Art. 1471 sets forth the sanctions which a court may impose when a party fails to comply with requests for discoverable information or documents. Although Art. 1471 provides that a court may order the striking out of pleadings or parts thereof, the article authorizes such an order only where the offending party has failed to comply with an order to compel discovery. There are three steps prerequisite to the imposition of the sanctions of Article 1471. First, the party seeking *542 discovery must file a motion to compel discovery. Second, the court must issue an order compelling discovery. Finally, the party from whom discovery is sought must fail to comply with that order. When defendant failed to answer interrogatories addressed to him, plaintiffs should have filed a motion to compel discovery. If the court had then ordered defendant to provide answers to the interrogatories and defendant had refused, the court could have imposed the sanctions of Art. 1471. The fact remains that plaintiffs never filed a motion to compel discovery and, therefore, the court acted properly when it overruled plaintiff's motion to strike.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
A motion for summary judgment should only be granted if there is no genuine issue of material fact. LSA-C.C.P. Art. 966. Any doubt as to the appropriateness of a summary judgment should be resolved in favor of a trial on the merits. Verrett v. Cameron Telephone Company, 417 So.2d 1319 (La.App. 3 Cir.1982); Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). Additionally, a court should scrutinize the papers supporting the position of the party moving for a summary judgment while treating with indulgence those of the opposing party. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La. 1981).
In the case before us, defendant, Anthony J. Palermo, bases his motion for summary judgment on the grounds that plaintiffs had contracted with defendant corporation and that he, defendant, was not individually liable for the corporation's obligations. In his brief, defendant correctly points out that the general rule is that shareholders are not liable for corporate debts. American Bank of Welch v. Smith Aviation, 433 So.2d 750 (La.App. 3 Cir. 1983); Buckeye Cotton Oil Company v. Amrhein, 168 La. 139, 121 So. 602 (La. 1929). Nevertheless, there are exceptions to this general rule. Under certain circumstances, a creditor may "pierce the corporate veil" and reach the corporation's stockholders. One such situation arises when a shareholder, acting through the corporation, defrauds or deceives a third party. LSA-R.S. 12:95; American Bank of Welch v. Smith Aviation, supra; Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., 339 So.2d 1280 (La.App. 1 Cir. 1976). In the absence of fraud, a creditor may pierce the corporate veil where the shareholder has not conducted corporate business on a corporate footing but has disregarded the corporate entity to such an extent that the corporation has ceased to be distinguishable from its shareholders. American Bank of Welch v. Smith Aviation, supra; Youngblood v. Dettenheim, 352 So.2d 265 (La.App. 2 Cir.1977); Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra.
The decision to ignore the corporate entity is based on the totality of the circumstances. Some factors which may justify the piercing of the corporate veil are: the co-mingling of corporate and shareholders' funds; the failure to follow the statutory formalities for incorporation in the transaction of corporate affairs; undercapitalization; failure to provide separate bank accounts and bookkeeping records; and failure to hold regular shareholders and directors meetings. American Bank of Welch v. Smith Aviation, supra; Kingsman Enterprises, Inc. v. Bakerfield Electric Company, Inc., supra.
In their petition, plaintiffs set forth several grounds for piercing the corporate veil: the corporation was defendant's alter ego, corporate assets were co-mingled with defendant's individual assets, the corporation was undercapitalized, the statutory formalities for incorporation were not followed, and fraud was perpetrated against them by defendant acting through the corporation.
In their affidavits filed in opposition to defendant's motion for summary judgment, plaintiffs alleged that defendant "always spoke and handled things as if he were performing under the contract on a personal basis". Also, according to plaintiffs, *543 they made two of the payments for the home in cash to defendant and, a third by a cashier's check payable to defendant.
Defendant's affidavit and supporting documents do show that defendant deposited the payments he received from plaintiffs in the corporation's bank account. However, as to any other corporate funds, defendant's affidavit and supporting documents are silent. The mere fact that the proceeds from this one contract were not co-mingled is not sufficient to refute plaintiffs' allegation of co-mingling. To pierce the corporate veil, there is no requirement that the co-mingling involved funds received from the creditor attempting to impose liability upon the shareholders. As to plaintiffs' charge that the corporation was undercapitalized, defendant's only attempt to refute this charge is his answer to an interrogatory in which he claims that the value of the corporation is $20,000. Defendant makes no attempt to show that this amount is sufficient capitalization for a corporation of the size and type of defendant corporation. Whether $20,000 represents sufficient capitalization is a material issue of fact which is in dispute. Finally, defendant makes no attempt to show that regular directors and stockholders meetings have been held.
The trier of fact must consider a number of factors in determining whether or not the business of defendant corporation was conducted on a corporate footing. Defendant's affidavits and supporting documentation are silent as to a number of these factors. After having considered the evidence before us, we find that a genuine issue of fact remains as to whether or not the business of defendant corporation was conducted on a corporate footing. We are forced to conclude that the trial court erred in granting defendant's motion for summary judgment.

DECREE
For the foregoing reasons, the summary judgment granted by the trial court is reversed and the case is remanded for further trial on the merits.
Costs of this appeal are taxed against the defendants-appellees; all other costs are to await the final disposition of this case.
REVERSED AND REMANDED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.