COLE, Judge.
The single issue in this case is whether or not defendant was denied a speedy trial.
On September 23, 1981, defendant, Steven James was charged by bill of information with aggravated burglary, a violation of La.R.S. 14:60. The alleged offense occurred on August 20, 1981. A second bill of information, charging the same offense, was filed on September 8, 1982. On September 23, 1982, defendant was arraigned and pled not guilty; a trial date of November 16, 1982, was set. On November 16, 1982, the state requested a continuance due to another trial being in progress. Defendant was not present in court but his counsel objected to the continuance. Trial was rescheduled for January 20, 1983.
On January 13, 1983, defendant filed motions for discovery and for a preliminary examination which on January 26th were set for hearing on March 21, 1983, later changed to March 28, 1983. On January 20, 1983, the State again moved for a continuance because of another trial being in progress and, over defense objection, the trial was rescheduled for March 28, 1983. On March 28, the preliminary examination was held and the court found probable cause to hold the accused. Then, on motion of the defendant, trial on the merits was passed and the case was reassigned for May 9, 1983. Also on March 28, 1983, defendant filed a motion to quash the bill *333 of information on the grounds he had been denied his right to a speedy trial and the trial would constitute double jeopardy. A hearing on the motion to quash was held May 9, 1983. The court denied the motion, defendant withdrew his previous plea, entered a plea of guilty, and reserved his right to contest the ruling on the motion to quash. Defendant then filed this appeal, alleging the court erred in denying his motion to quash.[1]
When determining whether or not defendant has been deprived of a speedy trial we must apply a balancing test by examining four factors: the length of the delay, the reason for the delay, defendant’s assertion of his right to a speedy trial, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Dewey, 408 So.2d 1255 (La.1982). Although the constitutional right to a speedy trial cannot be infringed by legislation granting prolonged and unnecessary delays, the legislation fixing the time limitations for prosecution do serve to establish legislative recognition of the delays which the legislature has found to be reasonable. See State v. Gladden, 260 La. 735, 257 So.2d 388 (1972), rehearing denied 1972; appeal dismissed, cert. den. 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973).
La.Code Crim.P. art. 578 sets forth' the following delay:
“Except as otherwise provided in this Chapter, no trial shall be commenced:
* * * * * *
“(2) In other felony cases after two ■ years from the date of institution of the prosecution; ...”
The right to a speedy trial attaches when an individual becomes an accused whether by formal indictment or bill of information or by arrest and actual restraint. State v. Dewey, supra. The offense in this case occurred August 29, 1981. Defendant was arrested shortly thereafter and the first bill of information was filed September 23, 1981. At most, the delay in this case was twenty months and nineteen days. The State, under La. Code Crim.P. art. 578, had more than three months left within which to bring defendant to trial. The matter was disposed of on May 9, 1983, when defendant entered his guilty plea.
The second factor to consider is the reason for the delays. The record does not indicate the reason for delays which were granted under the first bill of information. As to the second bill, minute entries show the first two continuances were necessary because other trials were in progress.[2] There is no indication the State deliberately delayed the trial in an attempt to hamper the defense. See State v. McDaniel, 340 So.2d 242 (La.1976), rehearing denied 1976. The final delay was, according to the minutes of the court, requested by the defense. Defense counsel contends otherwise and argues this delay was necessary because the State had not answered the discovery. We find the reasons for the delays to be legitimate and we conclude they are not tantamount to the denial of a speedy trial.
The third factor is the defendant’s assertion of his right to a speedy trial. The first formal assertion of this right by defendant was made in his motion to quash on March 28, 1983. The matter was disposed of approximately six weeks later when the hearing was held, the motion was denied, and defendant pled guilty. We do not agree with defendant’s argument that his objections to the continuances were assertions of his right to a speedy trial.
The fourth factor is the prejudice suffered by defendant because of the delay. There is no assertion of any prejudice whatsoever, other than possible anxiety and concern. There is no allegation de *334 fendant’s defense was hampered because of the. delay, nor that he suffered an economic and psychological burden by repeated futile court appearances. See State v. Reaves, 376 So.2d 136 (La.1979). A significant fact is that during much of this period defendant was incarcerated at Angola, serving time on other charges. Therefore we find he was not prejudiced significantly by the delay.
In summation, we find the length of the delay to be reasonable and well within the legislative limits; the reasons for the delay justifiable; the formal assertion of the right was not made until 19 months after institution of prosecution; and defendant has failed to show any real prejudice as a result of the delay. Since we find the denial of the motion quash by the trial court to have been correct, we affirm the conviction and sentence of the defendant.
AFFIRMED.

. Defendant raised two other errors on appeal but failed to brief them. Errors not briefed are considered abandoned. Rule 2-12.4, Uniform Rules — Courts of Appeal.

. The State also contends one of the continuances was due to the failure of authorities to present the defendant in court from Angola after the State had filed timely a petition requesting his transfer.