GUIDRY, Judge.
On May 27, 1986, defendant-appellant, Julian Ford, entered a guilty plea to a charge of distribution of butabarbital, a violation of La.R.S. 40:968(A)(1), reserving his right to appeal the denial of certain pre-plea motions under State v. Crosby, 338 So2d 584 (La.1976). Thereafter, on June 30, 1986, defendant was sentenced to eight years at hard labor, said sentence to run consecutively with a five year sentence handed down that same day for cultivation/production of marijuana (see case number Cr87-426 decided this date). Defendant timely appealed urging two alleged errors by the trial court:
1. The trial court erred in denying a continuance based on the absence of the *647 witness to the alleged distribution who could establish the defense of entrapment.
2. The trial court erred in denying a motion to quash the bill of information due to the extreme delay which deprived the defendant of an essential defense witness.
We find no merit to either assignment of error and affirm Ford’s conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error, the defendant contends that the trial court erred in refusing to grant him a requested continuance to secure the presence of Cindi Bass, who defendant alleged would have testified to facts which would have proven that he was entrapped. Defense counsel stated that he had information that Ms. Bass was in Vicksburg, Mississippi, however, he had no address for her. In denying defendant’s motion for a continuance, the trial judge stated that the:
“... motion for continuance is based upon the lack of the presence of one Cindy Bass, who is purported to be a witness on behalf of the defendant, alleging to be able to establish a defense of entrapment. Show that there are three basic requirements for a motion for continuance to be granted based upon the absence of a witness. It must state: first, facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity of the presence of the witness at trial—that is established by the continuance motion that has been filed. It must also show facts and circumstances showing a probability that the witness will be available at trial to which, at the time to which the trial is deferred. There is no allegations in the petition as to that particular fact and the indications to the court are to the effect that perhaps this young lady or— I’m not sure what her age is—this lady is in Vicksburg, Mississippi, but there’s no indication as to where she may or may not. There is no showing that in all probability that the witness would be available for trial. Apparently neither side—neither the State nor the defendant —seems to know where she is. The third requirement is facts showing the due diligence used in an effort to procure the attendance of the witness. I find that Mr. Durusau did issue his subpoena timely, but it still gets back to the second issue under Art. 709 of the Code of Criminal Procedure in that no one can assure the court or anyone else that in all probability this person will be available for the next trial.”
In the instant case, the defendant had no specific address for Ms. Bass and gave no assurance that she could be located by any new trial date. Defendant’s information, that the witness might have been in Vicksburg, Mississippi, tends to show the witness was beyond the process of the trial court. Defendant made no showing that the witness would be willing to testify on his behalf, if she were located, and we express our doubt about this in view of the fact that the witness could be incriminating herself, and subjecting herself to arrest by reentering our jurisidiction, as she had outstanding warrants for her arrest on charges of issuing worthless checks. We further note that serious question exists concerning the materiality of the absent witness’ testimony.
The situation in this case closely parallels that addressed by the Louisiana Supreme Court in State v. Washington, 407 So.2d 1138 (La.1981):
“The Code of Criminal Procedure, Article 709 provides:
A Motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
*648 Sub-paragraph (1) has been satisfied by Defendant.
[[Image here]]
It does not appear that defense counsel satisfied Sub-paragraph (2) of Article 709. At the hearing, there was no showing of a probability that the witness would be available at the time to which the trial was deferred.
[[Image here]]
Counsel did not come forth with any new information which would lead the court to believe he would be any more successful in locating Wells if the continuance was granted.
[[Image here]]
From the limited information available in the record, it seems probable counsel for defense did satisfy the requirement of Article 709(3) that ‘due diligence be used in an effort to procure attendance of the witness.’
However, the decision to grant a continuance is placed in the discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Gordy, 380 So.2d 1347 (La.1980); State v. English, 367 So.2d 815 (La.1979).
Although sections (1) and (3) of Article 709 seem to have been satisfied, there still were no facts alleged in the motion, or produced at the hearing on the motion, showing a probability that the witness would be available to testify at some later date. Under these circumstances, it was not an abuse of discretion for the trial court to deny a motion for continuance. State v. Gordy, 380 So.2d 1347, 1354 (La.1980).”
Assuming arguendo that elements 1 and 3 of Art. 709 were met, we cannot say that the trial judge erred in finding that the defense did not demonstrate facts showing a probability that Cindi Bass would be available at the time to which the trial would be deferred. We find no abuse of discretion by the trial court in denying defendant’s motion for a continuance. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment of error, the defendant contends that his U.S. Constitution Sixth Amendment rights were violated by the fact that he was denied a speedy trial. Twenty-three months passed between the time the defendant was arrested and the time his plea was entered.
When determining whether or not defendant has been deprived of a speedy trial, we apply a balancing test by examining four factors: the length of the delay, the reason for the delay, defendant’s assertion of his right to a speedy trial, and prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Dewey, 408 So.2d 1255 (La.1982). Although the constitutional right to a speedy trial cannot be infringed by legislation granting prolonged and unnecessary delays, the legislation fixing the time limitations for prosecution do serve to establish legislative recognition of the delays which the legislature has found to be reasonable. See State v. Gladden, 260 La. 735, 257 So.2d 388 (1972), rehearing denied, 1972, appeal dismissed, cert. den. 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973).
La. C.Cr.P. art. 578 sets forth the following delay:
“Except as otherwise provided in this Chapter, no trial shall be commenced: * * * * * *
(2) In other felony cases after two years from the date of institution of the prosecution; ...”
The right to a speedy trial attaches when an individual becomes an accused whether by formal indictment or bill of information or by arrest and actual restraint. State v. Dewey, supra.
In our case, the defendant was arrested on June 8, 1984, and pled guilty on May 27, 1986. While this twenty-three month period was “significant”, as the trial judge concluded, it was within the legislatively mandated period to commence prosecution.
The second factor to consider is the reason for the delay. The district attorney stated that there were defects in the bill of information which were not discovered by him until February 1986. There is no indi *649 cation that the State tried to delay the trial in an attempt to hamper the defense.
The third factor is the defendant’s assertion of his speedy trial rights. At no time during this delay did defendant assert his right to a speedy trial.
The fourth factor is prejudice suffered by the defendant. The defense contends that he was prejudiced because a witness who would testify favorably for him is not available. As the trial court noted however, the defendant makes no showing that this witness would have been available to testify for him had trial been commenced one year earlier.
In State v. James, 444 So.2d 331 (La.App. 1st Cir.1983), a twenty month plus delay was found not to violate the defendant’s speedy trial rights. The court found that the facts that: 1) this period was within legislative limits; 2) the delays were justifiable; 3) the formal assertion of this right occurred 19 months after institution of prosecution; and, 4) the defendant failed to show any real prejudice, all militated against defendant’s speedy trial rights being violated.
In State v. Cole, 384 So.2d 374 (La.1980), cert. denied, 449 U.S. 1076, 101 S.Ct. 855, 66 L.Ed.2d 799 (1981), a delay of one year and five months was found not to violate Cole’s speedy trial rights because Cole never asserted his rights and made no showing of prejudice.
In the case at bar, we conclude that because defendant’s trial was commenced within the statutorily mandated period, because he never asserted his speedy trial rights prior to trial, and because defendant made no definite showing of prejudice, he failed to prove that his speedy trial rights were violated. This assignment of error lacks merit.
Accordingly, for the reasons stated, defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.